## Adams Express Co. *versus* Sharpless & Sons.

1. A condition in a bill of lading of an express company, was that they were not to be liable for loss by fire in transit unless from gross negligence of the company or their servants. *Held*, that they were not responsible to owner of goods for loss by fire unless occasioned by negligence.

2. In this case goods were placed in a wooden car about five years old, well finished and in good order; having sliding doors in the middle of the sides

[Adams Express Co. *v.* Sharpless & Sons.]

with a crevice between the doors and the side of the car through which a spark might pass; the car was placed next to the tender of the engine, which was wood-burning, and the messenger was in the first passenger car, with another car between him and the first car, so that he could not see it, and the engine was emitting a stream of sparks from the time the train started. The court below referred to these facts in their charge and told the jury, if they found " in view of all the facts and evidence that the defendants omitted to do what a man of reasonable care and caution would have done under the circumstances to protect this car from fire, then it was negligence. *Held,* to be error.

3. In answer to a point of defendants, the court, referring to the same facts, said; " If you find in any of these particulars the absence of such care and precaution as a prudent man would exercise in the business of a common carrier, you will find negligence," in the defendants. *Held,* to be error; there being no evidence that it was unsafe and improper to transport the goods in a wooden car, &c., or to use a wood-burning locomotive.

4. Placing the car next to the tender, or permitting the messenger to ride in the front passenger car, was not evidence of want of reasonable and ordinary care.

5. Negligence as a general rule is a question of fact for the jury, but they cannot find negligence from facts and circumstances not tending to show want of reasonable and ordinary care.

6. To charge that negligence as regards a common carrier would be the omission of such reasonable and ordinary care and precaution as would have averted the loss, is error.

February 27th 1874.  Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ.  SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia :* No. 132, of July Term 1872.

This was an action on the case, brought by Charles S. Sharpless and Henry W. Sharpless, trading as Sharpless & Sons, against the Adams Express Company, as common carriers, for not safely carrying and delivering a case containing six pieces of black silk.

The case was tried May 21st 1872, before Lynd, J.

The plaintiffs gave in evidence a bill of lading, dated " Philadelphia, Feb'y 9th 187 ," viz.:

" Received of B. B. Tilt & Son, one case, value ——, for which this company charges ——, marked Sharpless & Son, Philadelphia, Pa." Part of the conditions on the bill of lading was that the company was not to be liable " for loss or damage to said property * * * from * * * fire in stores, depots or in transit, * * * or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said company or their servants; nor in any event shall the holder thereof demand beyond the sum of $50, at which the article is hereby valued, unless otherwise herein expressed," &c.

They gave evidence by Oscar Seebass, a member of the firm of Tilt & Son, that on the 9th of February 1871, he delivered to the defendants a case containing six pieces of gros grain silk, containing 373 yards, of the value of $2.25 per yard. The case was marked " Sharpless & Son, Philadelphia." C. J. Sharpless, one

[Adams Express Co. *v.* Sharpless & Sons.]

of the plaintiffs, testified that they never received the case, but on the 13th February 1871, they received notice that a fire had taken place on the 9th of February 1871, of goods in transitu by the company, amongst which were goods to the address of plaintiffs. The notice requested plaintiff to present his receipt of shipment within thirty days, at the office of the company, accompanied by an invoice of contents, "and if the value was declared at the time the amount will be paid." The plaintiff answered on the sixteenth of the same month, enclosing the bill of lading given to Tilt & Son.

The defendants gave evidence that the charge for expressage was seventy-five cents, being rated according to the size and weight of the case, without reference to the value of the contents. They gave evidence also that the case of plaintiff's goods was put in express car No. 28. Frank Morris, the messenger of the defendants on their cars, testified that it was his duty to look after the cars from the time they start until they reach their destination. The cars belonged to the defendants. He was messenger on the car No. 28, which left Jersey City on the 9th of February 1871, at 9.40 P. M. When the train reached "Bergen Cut," in about ten minutes from Jersey City, it was discovered that No. 28 was on fire. There was another express-car in the train that night. Car 28 was locked before the train started; there was no sign of fire until they reached "Bergen Cut." "The engine was throwing a regular stream of sparks" from the time they started; the door of the car opposite to that where the fire was, was opened; the goods were on fire; about two-thirds of the goods in the car were saved; most of those got out of the car were more or less damaged. The witness testified that, in his judgment, the fire was communicated from sparks from the engine; he was in the first passenger-car, which was his proper place; the other express-car was between the passenger-car and No. 28.

On cross-examination, he said that car No. 28 was nearest the engine-tender; he could not see No. 28 from where he sat; the company had some express-cars in which the messengers sat.

Joseph Tully, brakesman, testified as to the burning, &c., also that car 28 had a sliding door on each side about the middle of the car; there were no end doors; the body of the car was wood; the doors slid outside of the car; the locomotive which ran the train burned wood; the train was running at an ordinary speed; the crack between the door and the body of the car was very small (about a quarter of an inch); the car was locked and sealed, and the goods were transported in the usual and customary manner of transporting freight.

There was evidence for the plaintiff that the car was on wooden trucks and had been in use about five years; the crevice between the door and the body of the car was such as is found in all cars

[Adams Express Co. *v.* Sharpless & Sons.]

where the door slides outside; that the car was all right to use; it was a lined car—lined with wood and well finished.

The evidence as to the origin of the fire generally was that it arose from a spark from the engine passing through the crevice between the door and the body of the car. There was evidence also that the car 28 was a proper one and of the ordinary kind used by defendants.

There was much other evidence on the question of negligence, and on matters not involved in the decision of the Supreme Court.

The defendants' first and second points were:

1. The defendants' receipt is the contract; it exempts them from liability from loss by fire while the goods are in transit, which is a valid stipulation; and if the jury believe these goods were in car 28 on the 9th of February 1871, and were burned from a fire arising in the manner described by the witnesses, then the plaintiffs must prove that the fire occurred through defendants' negligence.

2. There is no proof of such negligence.

In his charge, the judge said: * * * "The plaintiff has referred you in this case to a number of circumstances. He refers you to the fact that it was an old wooden car, five years or more old, and that it was placed in the immediate proximity to the engine, next to the tender, that this locomotive was a wood-burning locomotive and therefore more apt to scatter sparks than the ordinary coal locomotive, in that way increasing the danger; and that as the danger increased, a common carrier is bound to exercise increased caution and care with a view to avert consequent danger or loss. The plaintiff has also adverted to the fact that there was a messenger on this train, and that he was not in the best place for him to see when the fire broke out or to apply prompt means for its extinguishment. If you find, in view of all the facts in evidence, that the defendants omitted to do that which a man of ordinary and reasonable care and caution would have done under the circumstances to protect this car from fire, then it was negligence, and the defendants must answer accordingly."

In answer to the second point, the court said: "That is a question for you. I must say to you that there is an opinion expressed by some of the witnesses that the car in which the fire occurred was a proper one and the ordinary kind used by the Adams Express Company. This is merely their opinion. It may be; in view of all the circumstances of the case, you will consider the facts themselves in such a light as to form an opinion which may be quite as conclusive as the mere oral expression of opinion of any witness produced before you. If, from the facts in evidence, to which I have already alluded—if the car was a wooden one, with doors sliding on the outside, and the engine of a wood-burning character, and that this was not the kind of a car that ought

to have been exposed in such close proximity to the engine—I say to you, if you find in any of these particulars the absence, on the part of the defendants, of such precaution and care as a prudent man would exercise in following the business of a common carrier, then you will, perhaps, find by your verdict negligence on the part of the defendants, notwithstanding the oral expressions of the witnesses."

The verdict was for the plaintiffs for $849.65.

The defendants removed the record to the Supreme Court by writ of error, and assigned several errors. The second was the answer to the defendants' second point.

*D. Webster* and *T. Cuyler*, for plaintiffs in error.

*E. Hunn* and *J. B. Townsend*, for defendants in error.

Mr. Justice WILLIAMS delivered the opinion of the court, January 6th 1876.

If the plaintiffs' goods were destroyed by fire in transit, the defendants, under the exception in their contract, were not responsible for their loss unless it was occasioned by their negligence. The question of their destruction by fire, was properly left to the jury. But there was error in the manner in which the question of negligence was submitted to their determination. The facts as disclosed by the evidence are briefly these:

The defendants had two express-cars in the passenger train which left Jersey City for Philadelphia on the night of the 9th of July 1871. They were between the tender and the baggage-car. The plaintiffs' silks were in the car next the tender, which was filled with goods that were to be delivered in Philadelphia, Wilmington and Baltimore.

The other contained goods which were to be delivered in Pittsburg and Cincinnati. The cars were made of wood, with doors sliding on the outside, leaving an opening or crevice about a quarter of an inch wide between the doors and the side of the car. The doors were locked up and sealed. The car containing the plaintiffs' goods had been in use about five years for the transportation of goods by express. It was lined with wood, well-finished, and in good order. The messenger in charge of the goods rode in the forward passenger-car. The locomotive was a wood-burning engine, and according to the testimony of the messenger, threw a regular stream of sparks from the time it left the depot. As the train was passing through "Bergen Cut," about two miles from Jersey City, fire was discovered inside the car containing the plaintiffs' silks, and before it was extinguished, a large quantity of goods near one of the doors was either greatly damaged or wholly destroyed. These are the material facts, and if they tend to show

that the fire was the result of negligence, in what did the negligence consist? Was the fire occasioned by the sparks from the engine, and if so, would it have occurred if the engine and express-car had been in good order and condition? Doubtless the evidence showing that the engine was throwing a regular stream of sparks from the time the train left the depot, and that there was an opening or crevice between the sliding-doors and the side of the car through which the sparks might enter, was proper for the consideration of the jury in determining what was the cause of the fire, and whether it was occasioned by any want of ordinary and reasonable care on the part of the defendants, and if the question had been submitted to them with proper instructions on the evidence touching these facts, the defendants would have had no just cause of complaint. But the court below ignored this aspect of the case, and instructed the jury that "negligence, applying it to the case of a common carrier, would be the omission of such reasonable and ordinary care and precaution as would have averted the loss. The plaintiff has referred you in this case to a number of circumstances. He refers you to the fact that this was an old wooden car, five years or more old, and that it was placed in immediate proximity to the engine, next to the tender; that this locomotive was a wood-burning locomotive, and therefore more apt to scatter sparks than the ordinary coal-burning locomotive, in that way increasing the danger, and that as the danger increased, a common carrier is bound to exercise increased caution and care, with a view to avert consequent damage or loss. The plaintiff has also adverted to the fact that there was a messenger on this train, and that he was not in the best place for him to see when the fire broke out, or to apply prompt means for its extinguishment. If you find, in view of all the facts and the evidence, that the defendant omitted to do that which a man of ordinary and reasonable care and caution would have done under the circumstances to protect this car from fire, then it was negligence, and the defendants must answer accordingly." In answer to the defendants' second point, the learned judge further said: "I must say to you that there is an opinion expressed by some of the witnesses in their depositions, that the car in which the fire occurred, was a proper one, and of the ordinary kind, that was used by the Adams Express Company. This, gentlemen of the jury, is merely their opinion. It may be, that in view of all the circumstances of the case, you will consider the facts themselves in such a light as to form an opinion which may be quite as conclusive as the mere oral expression of opinion of any witness produced before you. If, from the facts in evidence, to which I have already alluded—if the car was a wooden one, with the doors sliding on the outside, and the engine of a wood-burning character, and this car was not the kind of a car that ought to have been exposed in such close proximity to the engine—I say, if you

[Adams Express Co. *v.* Sharpless & Sons.]

find in any of these particulars the absence, on the part of the defendants of such precaution and care as a prudent man would exercise in following the business of a common-carrier, then you will find, by your verdict, negligence, notwithstanding the oral expressions of opinion by these witnesses." Can there be a doubt that it was error to submit the question of negligence to the jury with such instructions? There was not a particle of evidence tending to show that it was unsafe and improper to transport the goods in a wooden car, with doors sliding on the outside, or that it was unsafe and improper to use a wood-burning locomotive to propel the train. Nor was there any evidence of want of reasonable and ordinary care in placing the car next to the tender, or in permitting the messenger to ride in the front passenger-car. And yet the court told the jury they might find negligence in any of these particulars. It is true that negligence, as a general rule, is a question of fact for the jury. But the jury cannot find negligence from facts and circumstances which do not tend to show want of reasonable and ordinary care, any more than they can find any other facts, without competent and sufficient evidence. Whether the defendants in this case were guilty of negligence or not, it is clear that the question was submitted to the jury upon facts which were insufficient to justify the finding. It was undoubtedly error, though not assigned as such, to instruct the jury that negligence, applying it to the case of a common-carrier, would be the omission of such reasonable and ordinary care and precaution as would have averted the loss.

There is nothing in the other assignments of error requiring special notice. The first and third are not assigned in accordance with the rule, and there is nothing in the bill of exceptions to justify the fourth and fifth.

Judgment reversed, and a *venire facias de novo* awarded.