## The American Express Company *versus* Sands *et al.*

1. Common carriers may limit their liability by a special contract or a special acceptance of goods, and thus become subject to the laws of bailment for reward; but there can be no limitation of liability from negligence of the carrier or his servants.

2. Where goods are lost or injured while in the custody of the carrier under a special contract, and he gives no account of how it occurred, a presumption of negligence is of course.

3. If a carrier under a special contract can show a primâ facie case of injury without his fault, he will not be liable beyond the contract unless the shipper can show negligence against him.

March 25th 1867.   Before WOODWARD, C. J., THOMPSON and STRONG, JJ.   AGNEW, J., at Nisi Prius, and READ, J., absent.

Error to the Court of Common Pleas of *Warren county*.

This was an action of assumpsit by James Sands and Emery Daily, for use of W. H. Crowell, against The American Express Company, brought in October 1865, to recover the value of a barrel saw, shipped by them with the said express company, from Pittsburg to Irvine, Warren county, Pa.   When the saw arrived at Irvine it was cracked from 8 to 10 inches.   On account of being thus broken the defendants refused to receive it.   It was received at Irvine by the agent of the express company, December 12th 1864, and remained there until September 12th 1865, when the agent resigned and knew nothing more about it.

The following is a copy of the receipt given in evidence on which the plaintiffs below claimed to recover :—

"THE UNION LINE EXPRESS.

"Pittsburg, Dec. 21st 1864.

"Received, of William McClintock, one machine frame, one barrel saw and one package, 1650 pounds, valued at     dollars, marked Sands & Daily, Irvine, Pa., which we undertake to forward to the nearest point of destination reached by this express only, perils of navigation excepted.   And it is hereby expressly agreed that the said Union Line Express are not to be held liable for any loss or damage except as forwarders only ; nor for any loss or damage of any box, package or thing for over $50, unless the just and true value thereof is herein stated ; nor for any loss or damage by fire, the acts of God or the enemies of the government, &c.; nor upon any property or thing, unless properly packed and secured for transportation ; nor upon any fragile fabric, unless so marked upon the package containing the same ; nor upon any fabrics, consisting of, or contained in glass.   For The Union Line Express,

"REYNOLDS, Agent."

[American Express Co. v. Sands.]

The defendants submitted the following points :—

1. The liability of defendant, The American Express Company, is only for the sum of $50 and interest as limited on the receipt given in evidence.

3. Defendant is only liable for the actual damage done to the property.

The court answered both points in the negative and charged the jury that the defendants were liable for the value of the saw.

The verdict was for the plaintiffs for $475.

The defendants removed the case to the Supreme Court and assigned for error the answers to their points.

*L. D. Wetmore*, for plaintiffs in error, cited 2 Greenl. Ev. § 215 ; 1 Parsons on Cont. 711 ; Nicholson *v.* Willan, 5 East 507 ; Parsons on Cont. 703 ; Camden and Amboy Railroad Co. *v.* Baldauf, 4 Harris 76 ; Laing *v.* Colder, 8 Barr 481 ; Bingham *v.* Rogers, 6 W. & S. 495 ; 1 Smith's Leading Cases, Hare & Wallace's Notes, 400 ; New Jersey Steam Navigation Co. *v.* Merchants' Bank, 6 How. 378 ; Gould *v.* Hill, 2 Hill 623 ; Parsons *v.* Monteath, 13 Barb. 353 ; Dorr *v.* N. J. Steam Navigation Co., 4 Sandf. 136 ; Stoddard *v.* The Long Island Railroad Co., 5 Id. 180 ; Moore *v.* Evans, 14 Barb. 524.

*C. B. Curtis*, for defendants in error, cited Relf *v.* Rapp, 3 W. & S. 25 ; Clark *v.* Spence, 10 Watts 335 ; Verner *v.* Sweitzer, 8 Casey 208 ; Camden and Amboy Railroad Co. *v.* Baldauf, 4 Harris 76.

The opinion of the court was delivered, May 29th 1867, by

THOMPSON, J.—The principles involved in this case were all discussed in an opinion delivered at this term, Farnham *et al. v.* The Camden and Amboy Railroad Co. It was there held that the company might limit the extent of liability in case of loss or injury, by a special contract or special acceptance of the goods to be carried, and thus become subject to the laws of bailment only ; but that there could be no limitation of liability where the loss or injury resulted from the negligence of the company or its servants.

Was there negligence in the case before us ? There are numerous authorities cited in the case referred to, to show that when goods are lost or damaged while in the custody of the carrier under a special contract, and he gives no account of how it occurred, a presumption of negligence will follow of course. That is just the case before us, and hence it was right to hold the company liable to the extent of the full value of the saw. Had they been able to have shown a primâ facie case of injury, with

out fault on their part, they would not have been liable beyond the limit fixed, unless the plaintiff could have established negligence against the company as to the manner of the injury; but their silence was reconcilable with nothing but negligence or wilfulness, either of which would be followed by liability to the full extent of the loss. We see no error in the instructions given to the jury, and the judgment is to be affirmed.

Judgment affirmed.