# Buck v. Pennsylvania R. R. Co., Appellant.

[Marked to be reported.]

*Common carrier—Limited liability—Negligence.*

The carrier of goods may limit his liability, except as against his own negligence; and in such case the liability depends upon the proof of negligence in fact.

*Presumption from failure to explain injury.*

If no explanation is given as to how the injury occurred, a presumption of negligence arises which is sufficient to justify a recovery in cases where there is no other proof than of the delivery of the goods to the carrier in good condition and their arrival at the point of destination in a damaged condition.

*Presumption of negligence from injurious accident.*

The mere happening of an injurious accident raises, *prima facie*, a presumption of negligence, and throws upon the carrier the burden of proof that it did not exist.

*Proof of manner of injury to overcome presumption.*

Where there is proof of the fact of the injury and the manner of its occurrence in circumstances which did not import negligence on the part of the carrier, there is no liability of the carrier, whose contract was for a limited liability only, except upon proof of negligence as an inducing cause of the injury; and the burden of making such proof is upon the plaintiff.

*Submission of case to jury.*

In a case of limited liability in the transportation of goods of a fragile character, the evidence showed shipment in good order and delivery in bad order, and that the goods were carefully packed and there was no collision or wreck in the course of transportation. The court, while leaving the whole case to the jury on the general allegation of negligence, charged them that unless the carrier showed how the accident occurred, the legal presumption arose that they were liable.

*Held,* to be error, as it would tend to lead the jury to think that they must find for the plaintiff unless the defendant had shown distinctly the actual facts and circumstances of the accident. The absence of such distinct proof does not deprive the defendant of the right to have the question of negligence considered upon all the testimony.

*Fragile goods—Evidence to rebut presumption of negligence.*

Where goods are of so fragile a character that they are liable to break even from careful handling, it seems that such fact may be considered by the jury as evidence to rebut the presumption of negligence.

Argued April 18, 1892.    Appeal, No. 41, Jan. T., 1892, from judgment of C. P. Clearfield Co., Sept. T., 1890, No. 356, on verdict for plaintiffs, in assumpsit for the value of goods damaged *in transitu.*   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

On the trial, before KREBS, P. J., the evidence was to the effect that Orr, Painter & Co. had shipped to plaintiffs, from Reading, by defendant company, six stoves, among other things.    The shipment was made under a general release which stipulated that, because of the fragile character of the goods, and, in consideration of the reduced rate, the carrier was released from liability for loss or damage by transportation, etc.    After the stoves were loaded upon the cars at Reading, the car was sealed until it reached Columbia, when it was opened for the purpose of transferring the goods to another car.    They were found to be broken.    The warehouse foreman testified that to the best of his knowledge the stoves were properly stowed in the car and cleated, basing his knowledge upon the fact that he had inspected all the cars on the day shipment was made and that they cleated all stoves when shipping.    He also testified that they could be broken even with careful handling.    The car was identified by reference to papers and books, giving its number; and the conductors, from the conductor of the shifting engine, who received it from the warehouse foreman, to the conductor who delivered the car to Columbia, testified that it had been carefully handled.    This testimony fixed the length of time that the car was actually in the hands of each conductor, as compared with the schedule time; the number of stops; the number of other cars in the train; and the absence of shock or wreck.    The conductor of the shifting engine testified that the cars came to the station the day before he took them and that they were there during the afternoon, night and forenoon, until 12 o'clock, when he took them.

The court charged the jury as follows, *inter alia:*

"Now, if the testimony on the part of the defendants showed

how this accident occurred, how this breakage occurred, then
the burden would be on the plaintiffs, A. C. Buck & Co., to
show that it was through the negligence and want of ordinary
care of the servants and employees of the railroad company;
but that does not arise, and that burden is not cast on the
plaintiffs, where they show that the goods were delivered to
the company in good condition, and were found in their pos-
session damaged and broken, until the railroad company show
in some way and give some explanation of how the damage
arose. [1] . . . .

"Where the company shows how the accident occurs, that
is, how the loss occurs, the cause of the loss or damage, if any,
it appearing also that they did not themselves show their own
negligence and their own want of sufficient care, then the bur-
den is cast upon the plaintiff claiming the damage to show that
it was through the want of care, of ordinary care, and through
the negligence of the servants and employees of the company
into whose possession the goods were delivered. [2] . . . .

"The presumption of negligence that arises against a bailee,
such as the Pennsylvania railroad company was in this case, is
where there is no explanation of how the accident, how the
damage, occurred. Where that presumption arises in the first
instance, after the railroad company has satisfied your minds
as to how this accident occurred, then that presumption against
them is overcome, and the burden would be cast upon the
plaintiff to show that it was through the want of care and
the negligence of the railroad company's employees and ser-
vants. [3] . . . .

"So we take it, that is the law of Pennsylvania to-day, and
we so instruct you, that if the defendant company in this case
has not shown by the testimony how this accident occurred, in
such a way that it appears to have been without fault on their
part, the legal presumption that arises from the facts that the
goods were put in their possession in good condition and found
there broken, would make them liable for the damage resulting
from this injury. Now what is the testimony on this subject?
On the part of the company they have called a number of wit-
nesses here. There is no question about their credibility.
Their testimony bears upon its face the impress that they are
telling all they know about this transaction. But is the testi-

mony satisfactory to you, as to how this accident occurred? Has it shown how it occurred? Because, in the view we take of the law, that is the turning point in this case." [4]

" . . . . Now, gentlemen of the jury, does this testimony show you or satisfy you that it was through no fault of the defendant's employees or agents or through no fault of the company or those who were doing its work? Because that is the turning point in the case. If it does, then there can be no recovery on the part of the plaintiff in this case. If it does not, then the plaintiff may recover for the amount of these stoves less the freight."

Defendant's points, with answers, were as follows, *inter alia:*

" 2. In such case the burden of proof of negligence is upon the plaintiff, and unless the proof shows actual negligence there can be no recovery and the verdict must be for the defendant. *Answer:* I cannot affirm that point as stated without qualification. Should you find that these goods were delivered to the railroad company at its station in the city of Reading, and to its servants and employees there, in good condition, and were found in their possession broken and damaged, as I understand the law, the legal presumption from these facts requires, at the hands of the defendants, that they show that the accident occurred through no accident of theirs. And if they cannot show this in such a way that it could not be attributed to their carelessness, or their negligence, as if somebody had broken into the car against their will while in the course of transit, and destroyed these goods, or, that there had been a collision by which these stoves were broken, which was unavoidable on their part, or through no fault of their servants or employees, or that some other line which they might have been crossing had run into them by another train, or that there had been something which threw these cars off the track, these things and anything like them would have cast upon the plaintiff the burden of showing that the breakage was caused by the negligence and default of the defendant. [5]

" 3. The facts that the goods were in good condition when received by the defendant at Reading, and were found to be broken when they arrived at Columbia, are not of themselves evidence sufficient to establish negligence on the part of the defendant; especially is this so in view of the fragile character

of the goods as indicated by the testimony, and as recognized by the terms of the said release. *Answer:* We decline to so instruct you. [6]

" 4. There being no evidence of negligence on the part of the defendant, defendant is not liable and the verdict must be for it. *Answer:* We decline to so instruct you. The question whether or not they have satisfied the jury that this accident occurred through no fault of theirs is upon the defendant if the jury believe that the goods were in good condition when delivered to them, and they have not accounted for this accident. [7]

" 5. If the court refuse to instruct as requested in fourth point, then: It appearing by such evidence as was in the power of defendant company to produce, that the car in which the goods were placed was inspected and found in safe condition and that the goods were safely stowed therein, and the car was transported in the usual manner and with proper care to the point where the goods were found to be broken, and there being no contradiction of this proof, there can be no recovery, and the verdict must be for the defendant, if the jury believe this testimony. *Answer:* We decline to so instruct you, gentlemen of the jury. It was, we think, altogether in the power of the defendant to have shown whether or not other goods were in the car, how the car was loaded with reference to other goods and these stoves, and they might have furnished testimony upon that branch of the case, which is wanting here. The fact that conductors received the goods and transported them in the usual way does not relieve the company from accounting for this accident, that is, from showing how it occurred, and that it was through no fault of theirs." [8]

*Errors assigned* were (1–4) portions of charge as above, quoting them: and (5–8) answers to points, quoting points and answers.

*Thomas H. Murray,* with him *Cyrus Gordon,* for appellant. —At most, this was a case for the jury. Defendant could not show time, place and manner of injury, as to goods in a sealed car. That would be a matter of inference from the way the car was handled and the character of the goods. Such inference is for the jury. The instruction of the court required proof of

an inevitable accident, or of the specific cause of the accident. It prevented the jury from finding that, without negligence, the breakage may have occurred in consequence of the fragile character of the goods.

The burden of proving negligence is on the bailor and proof merely of the loss is not sufficient to put the bailee on his defence. It is a sufficient defence, in the first instance, if the bailee accounts for the loss in a way not implicating himself in negligence : Farnham v. Camden & Amboy R. R., 55 Pa. 53. But silence is a presumption of negligence or wilfulness : American Exp. Co. v. Sands, 55 Pa. 140. See also Nat. Line S. S. Co. v. Smart, 107 Pa. 492, 501. That the onus of establishing negligence should rest upon plaintiff is a proper consequence of the power to limit liability by a special contract : Patterson v. Clyde, 67 Pa. 506. The case of Pittsburgh Safe Dep. Co. v. Pollock, 85 Pa. 391, is distinguished from Farnham v. R. R., by the fact that the evidence showed the bonds were abstracted by some one entering the vault and opening the safe by means of a key. The presumption of want of ordinary care was thereby created. There was no proof of how the loss occurred, but it was treated as wholly a question for the jury. In Adams Exp. Co. v. Holmes, 19 W. N. 571, there was no explanation given for failure to deliver the goods. In N. Y. Cent. & H. R. R. R. v. Eby, 22 W. N. 92, there was no proof by defendant except that the car started safely and no accident occurred. A refusal to direct a verdict for defendant was affirmed. The question of negligence was for the jury. In Phœnix Pot Works v. R. R., 139 Pa. 284, plaintiff's evidence showed that they themselves packed the goods in a certain way and that such goods thus packed had uniformly carried safely. A refusal to direct a verdict for defendant was affirmed, as the facts and inferences from them were for the jury. That case was much stronger on its facts for plaintiffs than our case.

*Alonzo P. MacLeod*, with him *Walter Barrett*, for appellee.— Under Farnham v. R. R., 55 Pa. 61 ; and Clark & Co. v. Spence, 10 Watts, 337, negligence is presumed unless defendant proves, by plain proof, how the loss or damage occurred or the manner. American Exp. Co. v. Sands, 55 Pa. 140, says the presumption arises if defendant gives no account of " how "

the loss occurred. Logan v. Mathews, 6 Pa. 417, says the " time, place and manner " must be given.

Pa. R. R. v. Miller, 87 Pa. 395, held that the giving of evidence by the defendant did not *ipso facto* repel the presumption of negligence. There no explanation was given of how the injury was done until the trial. This court held that in such case, there was still a presumption of negligence which defendant must rebut. This applies to our case where the court, in answer to defendant's second point, indicates the kind of proof necessary to avail defendant.

The mere happening of an injurious accident raises, *prima facie*, a presumption of neglect : Pa. R. R. v. Raiordon, 119 Pa. 577 ; Laing v. Colder, 8 Pa. 479.

The first point in Phœnix Pot Works v. R. R., 139 Pa. 284, is in effect the same as defendant's fifth point in the present case, when we consider the two cases and the testimony in each case.

Appellant assumes that the testimony established the fact that the stoves were liable to break from careful handling and from that assumption determines that the evidence proves that they were carefully handled but were broken in a sealed car, and it cannot be determined how it occurred except as a matter of inference from the way the car was handled and the character of the goods. This reasoning shows why the court's reply to defendant's fifth point, referring to the testimony defendant might have furnished but did not, should have been affirmed. That the goods were carefully handled is itself an inference. The knowledge of the witnesses is not their own personal knowledge. There is no proof that the stoves were not broken before the car was sealed or after the car was opened, or whether they were in the same position when opened as when sealed, etc.

The fragile character of the goods as assumed is reasonable ground for presuming negligence because of the failure to inspect the freight at the time of each conductor's receipt for the car. Ordinary care is not adequate for extraordinarily fragile goods.

In Phœnix Pot Works v. R. R., 139 Pa. 284, the court below went further than in our case. It was in evidence that the goods were broken by being shifted and the court said :

"The question is how came they to be shifted?" How the accident occurred is the law applicable to such cases.

Failure to put in evidence material facts is not sufficient reason to avoid the presumption of negligence.

OPINION BY MR. JUSTICE GREEN, July 13, 1892.

In the main the learned court below correctly instructed the jury as to the law of the case, and in certain portions of the charge the question of the defendant's negligence was apparently left to the jury on the whole testimony affecting that subject. The complaint, however, of the defendant is that in certain other portions of the charge the jury were wrongly instructed as to the burden of proof, and were told that unless the defendant proved just how the injury to the stoves was inflicted a conclusive presumption of negligence arose, "and the defendant must be regarded as an insurer and not as a bailee for hire with a limited liability under the contract." It is of course not disputed under our decisions that the carrier of goods may limit his liability except as against his own negligence, and in that event the liability depends upon the proof of negligence in fact. If no explanation whatever is given as to how the injury occurred a presumption of negligence arises which is sufficient to justify a recovery in cases where there is no other proof than of the delivery of the goods to the carrier in good condition, and their arrival at the point of destination in a damaged condition. Such were the cases of the American Express Co. v. Sands, 55 Pa. 140, and Grogan & Merz v. Adams Express Co., 114 Pa. 523. On the other hand where there is proof of the fact of the injury and the manner of its occurrence in circumstances which did not import negligence of the defendant, there is no liability of the carrier whose contract was for a limited liability only, except upon proof of negligence as an inducing cause of the injury and the burden of making such proof is upon the plaintiff. Such are the cases of Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53; and Patterson v. Clyde, 67 Pa. 500.

In the latter of these cases Mr. Justice Agnew said, speaking of the carrier: "When he has shown a loss within the exception of his contract, without apparent negligence, he has brought himself within the terms of his bargain. On what

principle is that, bargain to be nullified by requiring of him the production of that evidence, the loss or difficulty of obtaining which was the very reason for limiting his responsibility."

In that case the ship was destroyed by a fire at sea with all her cargo but without proof as to the manner of 'the accident and it was held there was no liability without affirmative proof of negligence the burden of which rested upon the plaintiff.

In the case of Penna. R. R. Co. v. Raiordon, 119 Pa. 577, a right of recovery also was denied because there was no affirmative proof of negligence given by the plaintiff. The freight carried was a horse under a limited liability contract, and it was shown that the animal was in good condition when shipped but was found dead when the car was opened. There was no proof as to how the animal died but there was proof that no accident happened to the train or the car in which the horse was placed. We held that in the absence of proof as to how the horse died and of any proof of negligence by the defendant there could be no recovery. Our brother WILLIAMS said: "If for any reason an 'injurious accident' happens to, or by reason of, that which the carrier provides for the transportation, the law, which imposes the exercise of the utmost care upon him, presumes the accident to be due to the want of that care and puts upon him the duty of successfully relieving himself from that presumption. But when the fact of an 'injurious accident' is not shown to exist, the presumption which arises from it cannot be invoked by a plaintiff." We held that in the absence of any proof of the happening of an accident or the negligence of the carrier, the court below should have given a binding instruction to find for the defendant.

In the case of the Phœnix Pot Works v. Railroad Co., 139 Pa. 284, which was very like the present case, we held it was for the jury to say whether upon the whole testimony the injury to the freight was occasioned by the negligence of the defendant. There was proof that the pots were carefully packed, and that there was no collision or derailment on the way. There was no direct testimony as to how the injury occurred or of any specific negligence on the part of the defendant. The court below left the case to the jury saying to them: "It is for you to say whether there was any negligence on the part of the railroad company," and we affirmed the correctness of this direction.

Recurring now to the present case it is plain that it was for the jury to say upon all the evidence whether the defendant was guilty of negligence in the transportation of the stoves which resulted in their injury.   We think the charge went rather too far in the direction of instruction that the defendant must show *how* the injury was occasioned, implying that the very circumstances of the damage must be proved by the defendant in order to relieve themselves of the charge of negligence.   There can be no doubt that the fact of a shipment in good order and a delivery in bad order is evidence of negligence of itself, but it is evidence only and must be considered along with all the other evidence by the jury.   There was evidence that the stoves were carefully packed and that there was no kind of collision or accident of any description in the course of the transportation.   The defendant was entitled to the benefit of this proof upon their general allegation of due care and to have it considered by the jury although they could not or did not prove affirmatively just how the injury was occasioned.   The court did in substance leave the whole case to the jury on the general allegation of negligence, but also instructed them, particularly as complained of in the fourth assignment, that unless the defendant showed *how* the accident occurred, the legal presumption arose that they were liable for the damage.   The effect of such instruction would naturally be to lead the jury to believe that they must find for the plaintiff unless the defendant had ·shown distinctly the actual facts and circumstances of the accident to the stoves. This of course might be entirely impossible and yet from the other facts in the case the jury might be satisfied that the stoves were not injured in consequence of any neglect of the defendant.   There was proof that the stoves were exceedingly brittle and that they were likely to break upon the mere handling of them and without any jarring or jolting of the cars. If notwithstanding the regular and entirely careful handling of the stoves by the defendant, they were liable to break without any negligence of the defendant, that circumstance might fairly be considered by the jury as relieving or tending to relieve the defendant from the charge of negligence.   But under the charge it was apparently an essential prerequisite to freedom from an imputation of negligence that the defendant must

show the actual facts and circumstances of the accident. While such proof manifestly does impose the burden of proof of negligence upon the plaintiff, if it shows the accident occurred without negligence of the defendant, it seems to us that its absence does not deprive the defendant of the right to have the question of negligence considered upon all the testimony. These views impel us to sustain the first five assignments of error. The remaining assignments are not sustained.

Judgment reversed and new venire awarded.