# H. T. Menner, D. H. Menner and J. A. Brown, trading as Menner & Co., v. the President, Managers and Company of the Delaware & Hudson Canal Company, Appellants.

*Province of court and jury—Question for jury—Conclusion from admitted facts.*

When the determination of the issue depends only on the existence of certain facts, and these are not in question, the decision rests with the court. But when it depends not merely on the existence of facts, but on conclusions arising from them respecting which there is no fixed standard of judgment, it is for the jury, even when there is no dispute as to the facts. While facts may be admitted, the conclusions to be drawn from them may remain a matter of controversy. To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) Their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared.

*Negligence—Measure of care—Question for jury.*

Negligence is the absence of the care required by the circumstances. When the measure of care is fixed and unvarying, and there is no question as to the circumstances, it is for the court to determine whether it has been observed. But when the circumstances are in dispute, or, being undoubted, are such that the measure of care cannot be fixed, it is for the jury to determine its measure, and, from the facts, as found or admitted, to draw the conclusion of due care or of negligence.

*Common carriers—Duty to carry safely—Burden of proof.*

The duty of a common carrier is to carry safely, unless prevented by the act of God or of the public enemy. It may, however, be limited by special contract, or by notice to which the law imputes contractual effect. When this defense is made, the burden of proof is on the carrier.

*Actions—Carrier's breach of duty—Appeals from justice—Trial on the merits.*

An action either ex delicto or ex contractu will lie for the carrier's breach of duty, and on an appeal from a cause brought before a magistrate no mistake in the form or name of the action shall prejudice either party. Where the action before the justice should have been in assumpsit, the fact that the defendant pleaded not guilty as in an action ex delicto presents no ground of objection after a trial on the merits.

*Common carriers—Negligence—Evidence.*

While injury to goods in transit is not negligence per se it is evidence of negligence. Its effect may be rebutted by showing that it is due to causes beyond the scope of the carrier's obligation, but it is not rebutted merely by evidence explanatory of the time, place and manner of injury. Evidence offered by way of explanation does not of itself throw on the shipper the burden of showing, by positive testimony, negligence on the part of the carrier. Unless an explanation, undeniably adequate, arises from undisputed facts, it is for the jury, as judges of the credibility of the witnesses, the weight of the evidence, and the measure of care demanded by the circumstances, to determine whether it shall be accepted in discharge of the carrier's liability.

Argued Jan. 18, 1898. Appeal, No. 39, Jan. T., 1898, by defendant from judgment of C. P. Wayne Co., March T., 1897, No. 10, on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Appeal from judgment of justice. Before PURDY, P. J.

The plaintiffs brought an action of assumpsit before a justice for the negligent performance of duties by a common carrier whereby a certain barrel of molasses consigned to the plaintiffs and received for carriage by the defendant was on the 19th day of September, 1896, wholly destroyed and lost. Defendant pleaded "not guilty."

It appears from the evidence that the defendant company brought the car containing the consignment from Scranton to Carbondale, unsealed it and transferred the goods to their gravity station at Carbondale. Included in the consignment were two barrels of molasses. The freight handler for the defendant company trucked one of these barrels from the D. L. & W. car across the platform to the gravity car. As he deposited it in the gravity car he observed that the molasses was leaking from the end next the floor. Removing his truck from

under it he was about to turn it up on the other end to save leakage, but before he could get the barrel down on its side the entire head came out and the molasses escaped on the floor of the car.   He ended the barrel up as quickly as possible, but only a few inches of molasses were retained in it.   There was evidence tending to show that the molasses in the barrel and on the floor of the car was covered with a white foam and was apparently in a state of fermentation.   The empty barrel was sent on to Honesdale.   Plaintiffs were notified but declined to receive it, and brought this suit to recover the value of the goods.

Verdict for plaintiffs for $12.63.   Defendant appealed.

*Errors assigned* were (1) refusal of defendant's second point, as follows: " 2. The burden was on the plaintiffs after the defendant had explained the time, place and manner of the loss of the molasses, to show by positive testimony, negligence on the part of the defendant.   Failing to do so the verdict must be for the defendant."   (2) In charging the jury as follows: " If no negligence is shown on the part of the defendant and they have accounted for the loss of these goods in a way which shows no want of due care on their part, it is a complete defense to the action, [but as the evidence stands we think it is a' question for the jury and not for the court as to whether due care was exercised on the part of the company, and as to whether this loss occurred by the fault of the company or not."]   The portion to which error is assigned being contained in brackets. (3) Refusal of defendant's third point, which is as follows: " 3. Under all the evidence in this case the verdict must be for the defendant."   (4) In charging the jury as follows: " The testimony offered by the defendant—most of the defendant's witnesses testify that one person could handle a barrel of molasses properly and safely.   [They testify that this head dropped out as it went off the truck.   The freight handler who moved this barrel from the one car to the other, says that it caught on the blade of his truck and he gave it a shove over and caught it again, and as it went down on the floor the head came out."]   The portion to which error is assigned being contained in brackets.

*Homer Greene,* for appellant.—The rule is that when the defendant has explained the occurrence of the injury to the goods under circumstances which do not import negligence on the part of the defendant, the burden is on the plaintiff to prove negligence : Clark & Co. v. Spence, 10 Watts, 337 ; Express Co. v. Sands, 55 Pa. 140 ; Buck v. R. R. Co., 150 Pa. 170 ; Patterson v. Clyde, 67 Pa. 500.

As to the rule that the injury must be shown to have been the result of the specific negligence alleged, see Scott & Co. v. Railway, 172 Pa. 646 ; Hart v. Allen & Grant, 2 Watts, 116 ; 16 Am. & Eng. Ency. of Law, 428 ; Phila. R. R. Co. v. Schertle, 97 Pa. 450 ; Phila. & Reading Railroad Co. v. Hughes, 119 Pa. 301 ; Huey v. Gahlenbeck, 121 Pa. 238 ; Ring v. City of Cohoes, 77 N. Y. 83.

An erroneous statement of the evidence upon the pivotal fact in the case, in the charge to the jury, is a cause of reversal, even when inadvertently made and inconsistent with prior parts of the charge, as the influence which such statement may have had with the jury cannot be determined. Where a judge states the evidence in two ways, one in favor of a corporation, and the other against it, a jury may be depended upon to adopt the latter : " Steinbrunner v. Railway Co., 146 Pa. 504.

A statement by the court of facts not in evidence is error for which judgment will be reversed : Phila. & Wilmington R. R., v. Alvord, 24 W. N. 430.

*H. Wilson* and *F. P. Kimble,* for appellees.

OPINION BY SMITH, J., March 23, 1898 :

The question raised by the first three specifications of error is, whether the evidence is such that the court should declare the defendant absolved from its common law obligation safely to carry the plaintiff's goods. The contention on the part of the appellant is that the facts are so far undisputed, and so conclusively in its favor, that the court should so declare.

As matter of law, the proposition that the issue is to be decided by the court when the facts are undisputed, is too broadly stated. The rule on this point has well defined limits. When the determination of the issue depends only on the existence of certain facts, and these are not in question, the decision rests

with the court. But when it depends not merely on the existence of facts, but on conclusions arising from them respecting which there is no fixed standard of judgment, it is for the jury, even when there is no dispute as to the facts. While facts may be admitted, the conclusions to be drawn from them may remain a matter of controversy. To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared.

Negligence is the absence of the care required by the circumstances. When the measure of care is fixed and unvarying, and there is no question as to the circumstances, it is for the court to determine whether it has been observed. But when the circumstances are in dispute, or, being undoubted, are such that the measure of care cannot be fixed, it is for the jury to determine its measure, and, from the facts, as found or admitted, to draw the conclusion of due care or of negligence.

The duty of a common carrier is to carry safely, unless prevented by the act of God or of the public enemy. It may, however, be limited by special contract, of which the shipping receipt in the present case is an instance, or by notice to which the law imputes contractual effect. The performance of this obligation will be excused, also, by contributory negligence on the part of the shipper. When this defense is made, the burden of proof is on the carrier. If the evidence shows, without question, a fixed measure of care resting on the shipper, and its observance or nonobservance, the decision is for the court. If it shows that the measure of care is indeterminate, it is for the jury to decide whether the shipper has observed the care which, in their judgment, is demanded by the circumstances.

An action either ex delicto or ex contractu will lie for the carrier's breach of duty. In each form of action, the averment of negligence is usual, and entirely proper. In either, however, the plaintiff may recover on proof of the breach of duty. In the case before us, the declaration contains a count on the common law duty, and another on an express contract, with an averment in each of nonperformance through negligence. The suit was commenced before a justice. The form of action is not shown in the paper-books. Though recited in the declaration as tres-

pass—the statutory substitute for trespass on the case—the record shows it to be assumpsit. The form is not material; if the justice has jurisdiction of the cause of action in any form, it is sufficient. Upon an appeal, by the act of March 21, 1810, section 4, " the cause shall be decided on its facts and merits only, and no mistake in the form or name of the action shall prejudice either party." Since the justice has jurisdiction of the cause of action only as a breach of contract, the action is necessarily ex contractu. The first count, therefore, as in all actions of assumpsit for the breach of duty, is based on the implied contract arising from the carrier's obligation; and the joinder of a count averring an express contract is in conformity with the established precedents in such actions. That the defendant pleaded " not guilty," as in an action ex delicto, presents no ground of objection after a trial on the merits.

The specifications referred to are based on a view of the carrier's obligation, and of the effect of evidence, in which we cannot concur. While injury to goods in transit is not negligence per se, it is evidence of negligence. Its effect may be rebutted by showing that it is due to causes beyond the scope of the carrier's obligation. It is not rebutted merely by evidence explanatory of the time, place and manner of injury. In the absence of explanation, the carrier's liability remains. But evidence offered by way of explanation does not of itself throw on the shipper the burden of showing, by positive testimony, negligence on the part of the carrier. It stands on the footing of all other evidence. To have the effect contended for by the appellant, it must be found credible, and the explanation which it presents must be pronounced adequate, leaving no implication of negligence on the part of the carrier. Only in rare instances can this test be applied by the court. Unless an explanation, undeniably adequate, arises from undisputed facts, it is for the jury, as judges of the credibility of the witnesses, the weight of the evidence, and the measure of care demanded by the circumstances, to determine whether it shall be accepted in discharge of the carrier's liability. Among recent cases illustrating these principles are R. R. Co. v. Eby, 22 W. N. C. 92; Phœnix Pot Works v. R. R. Co., 139 Pa. 284; Buck v. R. R. Co., 150 Pa. 170.

The shipping receipt, in the present case, which was offered

to show delivery to the carrier, contains a stipulation that the carrier shall not be liable for loss caused by leakage or breakage. The loss here sustained was in no sense due to leakage; by this term is to be understood the gradual escape of the contents of a vessel through crevices, joints, or small openings insecurely closed. The provision as to breakage covers such breakage as may occur from the ordinary incidents of railroad transportation, but not injuries caused by the carrier's negligence. In the present case the loss resulted from the displacement of one end of the barrel while being transshipped by the carrier. Whether this occurred through inadequate means of transshipment, or from want of care in effecting it, were questions of fact raised by the evidence, and were for the jury to determine. We therefore cannot hold, as contended, that as a matter of law the carrier was released from its common law obligation by the stipulation in the shipping receipt.

A brief examination of the evidence will show that the questions presented here are such as must necessarily be submitted to the jury. The defendant charges the shipper with negligence in the form of defective cooperage, while the plaintiffs allege inadequate means, on the carrier's part, of handling the barrel in transshipment. There is no fixed standard by which the court can determine either allegation. As to the former, there is no evidence that the barrel head was not secured in the manner ordinarily found sufficient, nor does it appear that the cooperage was visibly defective; as to the latter, with evidence that one man can safely handle such a barrel, and save its contents if its head falls out, is the fact that the barrel in this case was not so handled. The cross-examination of the man who handled it brought seriously into question the adequacy of the means employed by the carrier. The effect of this was not merely to discredit the witness with respect to his examination in chief. Testimony elicted by cross-examination is positive evidence on the subject, and may outweigh that given on direct examination. The waybill, precisely as it was received by the defendant, was evidence of the condition of the barrel at that time. Its admissibility was not affected by the notation interpolated by the defendant. This notation was no evidence of the cause of loss. The defendant cannot manufacture evidence in its favor by thus assigning a cause relieving it from liability; nor should the

plaintiff have been required to exhibit to the jury, in connection with the waybill, the interpolation which the defendant sought to use as evidence. The adequacy of the defendant's explanation of the cause of loss could be determined only by the judgment of the jury as to the measure of care required of each party under the circumstances, and their finding as to its observance or nonobservance. The case was properly submitted, with suitable instructions, and we cannot say that the conclusions reached by the jury were not warranted by the evidence.

As to the fourth specification, an examination of the notes of evidence shows that the testimony of the witness referred to was stated by the trial judge with substantial accuracy, and with no misrecital that could possibly have misled the jury.

Judgment affirmed.