# Crary, Appellant, v. Lehigh Valley Railroad Company.

*Negligence—Carrier of passengers—Reduced rate ticket—Assumption by passenger of risk—Presumption.*

Where a passenger buys and accepts from a railroad company a ticket at a reduced rate, on which ticket is the indorsement plainly stamped: "The person accepting and using this ticket thereby assumes all risk of accident and damage to person or property," the passenger thereby agrees by the acceptance of the ticket to waive the common-law rule making the carrier an insurer of his safety, and he cannot avail himself in case of injury of the presumption of negligence which arises in favor of the passenger, where there has been an injury in the means of transportation. In such a case the passenger must affirmatively prove negligence on the part of the carrier. This rule, however, does not apply to cases where the only inference to be drawn from the accident itself is that the carrier had been negligent.

Argued April 16, 1902. Appeal, No. 59, Jan. T., 1902, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1897, No. 160, on verdict for defendant, in case of Erasmus D. Crary v.

Lehigh Valley Railroad Company.    Before McCollum, C. J.,
Mitchell, Fell, Brown and Mestrezat, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before
Savidge, P. J., specially presiding.

At the trial it appeared that on July 4, 1896, plaintiff pur-
chased and accepted a reduced rate excursion ticket between
Wilkes-Barre and New York, on which was indorsed an assump-
tion of risk by the passenger.    While he was seated next to
the window in a car, the door of a freight car on a passing train
became loose and was thrown against the car in which plaintiff
was seated, and in scraping along the car came through the
window, where plaintiff sat, and caused the injury for which suit
was brought.    The court gave binding instructions for the de-
fendant on the ground that the evidence was not sufficient to
establish negligence in the defendant, and that plaintiff by his
acceptance of a ticket, on which was indorsed an assumption of
risk by the passenger, was not entitled to the ordinary presump-
tion of negligence in favor of passengers, where there has been
an injury to the means of transportation.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defend-
ant.

*William S. McLean*, with him *George R. McLean* and *Wil-
liam R. Gibbons*, for appellant.—In the following cases, which
seem to be all the Pennsylvania cases where a passenger has
brought suit against a common carrier, for personal injuries,
traveling on a ticket releasing the carrier from liability for his
negligence, the courts have held that the release is inoperative
and in none of them have they declared that the maxim "res
ipsa loquitur" does not apply, if the circumstances would war-
rant its application, or that the effect of the release is to com-
pel the passenger to affirmatively prove defendant's negligence :
Buffalo, Pittsburg & Western R. R. Co. v. O'Hara, 3 Penny-
packer, 190 ; Camden & Atlantic R. R. Co. v. Bausch, 7 Atl.
Repr. 731 ; Penna. R. R. Co. v. Henderson, 51 Pa. 315 ; Penna.
R. R. Co. v. Butler, 57 Pa. 335 ; Burnett v. Penna. R. R.
Co., 176 Pa. 45.

Release is also inoperative in New Jersey, where plaintiff was hurt, if passenger has paid for his ticket: Kinney v. Central R. R. Co., 3 Vroom, 407 ; Camden & Atlantic R. R. Co. v. Bausch, 7 Atl. Repr. 731.

In Penna. R. R. Co. v. Raiordon, 119 Pa. 577, the Supreme Court squarely recognizes the doctrine of res ipsa loquitur: Buck v. Penna R. R. Co., 150 Pa. 170.

The case at bar is stronger on proof of injurious accident than in the case of Penna. R. R. Co. v. MacKinney, 124 Pa. 462.

*H. W. Palmer*, with him *Woodward, Darling & Woodward*, for appellee.—Where, as in the case at bar, the person who took the ticket admits that he acted with full knowledge of the conditions, and with such knowledge purchased at a lesser rate and made use of the ticket to secure a passage, the evidence of his assent is as complete as if he had actually signed: Ill. Cent. R. R. Co. v. Read, 37 Ill. 485 ; Wells v. N. Y. Cent. R. R. Co., 24 N. Y. 181 ; Fonseca v. Cunard S. S. Co., 153 Mass. 553( 27 N. E. Repr. 665).

The legal effect of this contract was to require the plaintiff, in case of accident and damage, to prove that the defendant was negligent: Goldey v. Penna. R. R. Co., 30 Pa. 242 ; New Jersey Steam Navigation Co. v. Merchants' Bank, 6 Howard, 344 ; Marsh v. Horne, 5 B. & C. 322 ; Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53.

OPINION BY MR. JUSTICE BROWN, October 13, 1902 :

On July 3, 1896, the plaintiff purchased, at a reduced rate, from the Lehigh Valley Railroad Company, a ticket, designated an " employee's excursion ticket." It was for a passage from Wilkes-Barre to New York·and return.   Upon it there was the following, among other conditions : " The person accepting and using this ticket, thereby assumes all risk of accident and damage to person or property."   There was nothing on the ticket requiring that it be signed by the passenger to make the conditions upon which it was issued binding upon him ; but it was accepted by him with the indorsement plainly stamped on it that all of the conditions imposed by the company were " fully understood and agreed to."   The evidence of the assent of the

appellant to the conditions is, therefore, as complete as if he had signed the ticket: Illinois Central Railroad Co. v. Read, 37 Ill. 484; Wells v. New York Central Railroad Co., 24 N. Y. 181; Fonseca v. Cunard S. S. Co., 153 Mass. 553.*

By the purchase and acceptance of the ticket at a reduced rate, with the condition indorsed on it that the appellant, in using it, would assume all risks of accident and damage to his person, there was an agreement between him and the railroad company that the common-law rule, making the common carrier an insurer of his safety, should be set aside, and that he would be bound by the agreement between them as the law defining the duty and liability of the appellee in carrying him to New York and bringing him back: Farnham v. Camden & Amboy Railroad Co., 55 Pa. 53. That such an agreement may be made has long since been settled: Atwood v. Reliance Transportation Co., 9 Watts, 87; Laing v. Colder, 8 Pa. 479; Powell v. Penna. R. R. Co., 32 Pa. 414; American Express Co. v. Sands, 55 Pa. 140; Adams Express Co. v. Sharpless, 77 Pa. 517; Penna. R. R. Co. v. Miller, 87 Pa. 395; Clyde v. Hubbard, 88 Pa. 358; Buck v. Penna. R. R. Co., 150 Pa. 170. But it is equally well settled that, by such an agreement, the common carrier cannot relieve itself from liability for its negligence. " The reason for this qualification of the power to limit liability rests on public policy. At common law if property was lost or injured while in the hands of the carrier, the burden of proof was on the carrier to show the existence of such circumstances as were sufficient to excuse him from liability. Such is still the general rule, but when a special contract is entered into between the shipper and the carrier, the contract takes the place of the common-law rule and fixes the liability of the carrier:" Penna. R. R. Co. v. Raiordon, 119 Pa. 577. The liability of the common carrier being, by such an agreement, confined to its negligence, there is no reason why the ordinary rule, that negligence is not to be presumed, but must be proved, should not apply. The agreement of the parties is, that there shall be no liability at all by the common carrier for injury to the passenger; but, on grounds of public policy the law says to the passenger that he cannot contract to relieve the carrier from

---

negligence, and the carrier cannot, for any consideration, be absolved from its duty to exercise proper care in carrying its passengers. If, however, injury results from the negligence of the common carrier to one with whom such an agreement is made, the injured party, having taken .himself out of the protection of the common law, which makes the railroad company that carries him an insurer of his safety, and which, in case of accident resulting in injury, is presumed to have been negligent, must show affirmatively, as in all other cases of negligence, the specific negligence complained of. The law, in the face of his agreement to the contrary, gives him the protection against negligence ; but, when so given to him against his will, and he afterwards calls for it, he ought, in good conscience, to be compelled to show that negligence existed ; and this is the law's requirement, established by authority : " A contract limiting their liability as carriers, does not relieve them from ordinary care in the performance of their duty ; and the most that it can do is to relieve them from those conclusive presumptions of negligence which arise when the accident is not inevitable, even by the highest care, and to require that negligence be actually proved against them : " Goldey v. Penna. R. R. Co., 30 Pa. 242. " The respondents having succeeded in restricting their liability as carriers by the special agreement, the burden of proving that the loss was occasioned by the want of due care, or by gross negligence, lies on the libellants, which would be otherwise in the absence of any such restriction : " New Jersey Steam Navigation Co. v. Merchants' Bank, 6 Howard, 344. The same principle is laid down in Marsh v. Horne, 5 Barn. & Cress. 322, Farnham v. Camden & Amboy R. R. Co., supra, and Patterson v. Clyde, 67 Pa. 500.

We are not to be understood as holding that there may not be cases in which the proof of the accident carries with it the presumption of the common carrier's negligence. Such, by way of illustration, was the case of Camden & Atlantic R. R. Co. v. Bausch, 7 Atl. Repr. 731, where the plaintiff was seriously injured while riding on a train of the defendant company, in consequence of a collision between that train and another moving in the opposite direction upon the same track. Another illustration can be found in Buffalo, Pittsburg & Western Railroad Co. v. O'Hara, 3 Pennypacker, 190, where the train on

which the passenger was riding was run into by a special train, the engine of which plunged into the rear coach. In these two cases, and others that might be cited, the only inference to be drawn from the accident itself was that the common carrier had been negligent. But the present is not such a case ; for the mere proof of the accident does not carry with it the presumption or inference of the appellee's negligence. The falling of the door of the freight car may have been due to the sudden breaking of a lock or hinge, of a defect in which the company may have known nothing ; the bricks with which the car was loaded may have been jolted and thrown against the door by some sudden, but unavoidable, violent motion of the train, causing the door to break ; or the door may have fallen from other causes which may have existed, but of which the company had neither actual nor constructive notice, nor ought reasonably to have been aware of, and it could not, therefore, as the learned judge below properly held, have been presumed to be guilty of negligence against this specially contracting passenger. The burden was upon him to submit some proof of it, and in the absence of any, the jury ought not to have been allowed to guess that the appellee had been negligent.

Judgment affirmed.