# Penn Clothing Company *v.* United States Express Company, Appellant.

*Carriers—Common carriers—Exemption from liability—Negligence—Loss in carrier's warehouse—Affidavit of defense.*

1. While in Pennsylvania a carrier may not by contract exempt itself from liability for a loss caused by its own negligence, yet if it shows that a loss has resulted from other causes, there exists no reason why it may not by contract exempt itself entirely from liability, or limit the extent thereof as any ordinary individual could do.

2. Where goods have been delivered to a carrier under a contract exempting the carrier from liability, except for its own negligence, and providing that the carrier should not be obliged to personally deliver the goods to the consignee at points where no delivery service is available, an affidavit of defense in a suit to recover the loss of the goods is sufficient, which avers that the goods were delivered at the company's warehouse at a point where there was no delivery service, and that they were stolen from the warehouse on the night of their arrival without "any negligence whatever upon the part of the said defendant or its agents."

3. Such an affidavit is not open to the charge of insufficiency because it does not undertake in detail to negative every fact from which a possible inference of some negligence on the part of the defendant or its servants might be drawn.

Argued Oct. 10, 1911. Appeal, No. 60, Oct. T., 1911, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 3,692, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Penn Clothing Company v. United States Express Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover for loss of goods.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Paul Freeman,* with him *James F. Campbell,* for appellant.—Under the limitation contained in the contract of shipment, the burden of proof is upon plaintiff to prove negligence where the shipment arrived at destination and while awaiting arrival of consignee to claim it, was placed in defendant's warehouse for safe-keeping, which said warehouse was broken into by burglars and shipment stolen, without any negligence upon part of defendant's agents: Needy v. R. R. Co., 22 Pa. Superior Ct. 489; Buck v. R. R. Co., 150 Pa. 170; Patterson.v. Clyde, 67 Pa. 500; Crary v. R. R. Co., 203 Pa. 525.

If there was any negligent breach of the contract it must have taken place in New Jersey, and the limitation of liability to $50.00 being valid in that state it will be enforced here: Hughes v. R. R. Co., 202 Pa. 222.

Plaintiff is precluded from any recovery whatsoever by reason of its willful and knowing fraud in attempting to have the shipment transported at less than the legal rate under the tariffs filed with the Interstate Commerce Commission: Wright v. Express Co., 43 Pa. Superior Ct. 40; Ellison v. Adams Express Co., 245 Ill. 410 (92 N. E. Repr. 277); Frank v. Adams Express Co., 17 Pa. Dist. Rep. 469.


*G. F. Schamberg,* with him *Julius C. Levi* and *David Mandel, Jr.,* for appellee.—The case is ruled by Wright v. Adams Express Co., 43 Pa. Superior Ct. 40.

The rule is clear that a loss unexplained creates a presumption of negligence and the burden is on the carrier to relieve itself from liability: American Express Co. v. Sands, 55 Pa. 140; Grogan v. Adams Express Co., 114 Pa. 523; Wright v. Adams Express Co., 43 Pa. Superior Ct. 40.

OPINION BY HEAD, J., March 1, 1912:

The learned court below determined that the affidavit of defense filed in the present case was insufficient and entered a summary judgment in favor of the plaintiff for the full amount of its claim as set forth in its statement.

The appellant contends that the affidavit discloses three separate and distinct grounds of defense, any one of which ought to have prevented the entry of the judgment appealed from. In disposing of the question thus brought before us, we must of course give to the defendant the benefit of every fact sufficiently averred in the affidavit and, as well, of every inference favorable to it that a jury could properly have drawn had the facts averred been established on the trial.

The plaintiff, in its statement, alleges that it delivered to the defendant, a common carrier, a package of goods for transportation from the city of Philadelphia, Pennsylvania, to Rosenhayn, in the state of New Jersey, which the defendant undertook to carry and deliver as evidenced by a written receipt, a copy of which is attached to the statement. This receipt, to which we shall later refer more in detail, sets forth the conditions upon which its contract of carriage was to be performed and the nature and extent of its liability for any breach of, or failure to perform such contract. The statement further alleges that the "defendants failed to perform their contract in the premises and so negligently carried the said package that it became lost and was not nor ever has been delivered to said consignee at Rosenhayn, New Jersey, or elsewhere." It then sets forth in detail the quantity and character of the merchandise contained in the package and that the value thereof was $113.50, for which amount judgment was entered.

The defendant, admitting that it is a common carrier, its receipt of the package of goods referred to, and its execution and delivery to the plaintiff of the written receipt, a copy of which is attached to the statement, avers in its affidavit that the package was safely carried by it to its destination where it arrived in the afternoon of November 30, and that it was then placed in the company's warehouse at that point "awaiting a call from the said J. Arieff to whom it was consigned, there being no delivery service at that point. During the night of November 30,

without any negligence whatever upon the part of the said defendant or its agents, the said warehouse was broken open and the said package was stolen and the defendant has never been able to recover the same."

We have already seen from the plaintiff's statement above quoted that the gravamen of its complaint, its real cause of action, was the alleged negligent failure of the plaintiff to safely carry and deliver according to its undertaking. Such failure would be at once a breach of its common-law duty as a carrier and of the contract which it had expressly undertaken to perform. We pass by without consideration the question whether in such a case a plaintiff, electing, as it had the right to do, to sue in assumpsit rather than in trespass, could properly demand an affidavit of defense at the hands of the carrier, because it was not raised in the court below or argued by counsel here.

The plaintiff, in order to make out a prima facie case, was not bound to aver affirmatively any specific act of negligence on the part of the defendant and would not be obliged to make such proof in the first instance. Both in pleading and proof it might rely upon the principle that, where a carrier fails to deliver goods which it undertook to transport, or to account for their loss by some cause other than the negligence of itself or its servants, the law permits the inference that such loss resulted from negligence. Such cases are exceptions to the general rule that he who affirms a negligent breach of contract or duty by another has the burden of establishing by proof the act of negligence of which he complains. But per contra, when the carrier does account for the loss of the goods by some agency other than its own negligence or that of its servants, the case passes out of the exceptional class referred to, the burden of proof shifts, and the general rule that he who asserts negligence must prove it becomes operative.

Before proceeding to glance at the authorities which seem to us to be controlling of the question before us, it

may be proper to note some of the conditions of the special written contract affecting the defendant's obligation to carry, and the extent of its liability, in case of any failure to safely deliver the plaintiff's goods. Without attempting to quote at length from the contract we note the following limitations expressed therein: (a) the defendant was not obliged to personally deliver goods to the consignee at points where no delivery service was available; (b) the company was not to be liable at all for loss or injury to the goods, unless such loss or injury was caused by the fraud or negligence of itself or its servants; (c) that where, as in the present case, the shipper was asked to state the value of the goods to be transported and neglected or refused to give it, the company's charge for carriage was based on the fact that such value did not exceed $50.00 and its liability, in case of loss or damage, should not exceed such sum.

It is of course conceded that the well-established rule of public policy in Pennsylvania prohibits a common carrier from enforcing any contract that would exempt it from the liability to make compensation for goods lost or injured in the course of transportation, where such loss or injury is the consequence of its own negligence or that of its servants. But where the carrier has shown that such loss results from other causes, there exists no reason why it may not by contract exempt itself entirely from liability or limit the extent thereof as any ordinary individual could do. The question has been discussed in many cases, to a few of which we shall now refer.

In Needy v. Railroad Co., 22 Pa. Superior Ct. 489, President Judge Rice, speaking for this court, said: "It is well settled in Pennsylvania that a common carrier may by special contract limit his liability for loss of, or injury to, goods intrusted to him for carriage excepting for loss or injury resulting from his own or his servants' negligence. The difficult question is as to the burden of proof. It has been held that where, in case of such contract, the carrier accounts for the loss or injury in a way not to

implicate himself in a charge of negligence, this is a sufficient defense, unless the plaintiff prove negligence." Many decisions are collected and carefully reviewed in this opinion and need not be again cited here. They are again reviewed at length in the opinion of Mr. Justice Brown in Crary v. R. R. Co., 203 Pa. 525, wherein the effect of a limited liability contract in such cases is thus stated: "At common law if property was lost or injured while in the hands of the carrier, the burden of proof was on the carrier to show the existence of such circumstances as were sufficient to excuse him from liability. Such is still the general rule, but when a special contract is entered into between the shipper and the carrier, the contract takes the place of the common-law rule and fixes the liability of the carrier: Penna. R. R. Co. v. Raiordon, 119 Pa. 577. The liability of the common carrier being, by such an agreement, confined to its negligence, there is no reason why the ordinary rule, that negligence is not to be presumed, but must be proved, should not apply." There can be no doubt therefore of the existence of the legal principle so clearly stated in the language we have just quoted. Indeed, the learned counsel for the appellee contents himself, on this branch of the case, by arguing that the affidavit of defense is not sufficiently specific to fairly bring the defendant's case within the purview of the principle just noted. Let us briefly glance at its averments.

It is clear, as the case now stands, there was no breach of contract or duty in the actual transportation of the package because it arrived safely at its destination. It being averred in the affidavit that there was no delivery service at Rosenhayn, no inference of negligence on the part of the defendant could flow from its act in depositing the package in its warehouse to await the call of the consignee. On the night of the arrival of the package the warehouse was broken open and the package was stolen without, as the affidavit avers, "any negligence whatever upon the part of the said defendant or its agents." At

this point the appellee questions the sufficiency of the affidavit in that it did not undertake in detail to negative every fact from which a possible inference of some negligence on the part of the defendant or its servants might be drawn. If it were its duty to make such averments in its affidavit, it would be equally necessary for it to make proof of all of them on the trial in order to overcome the prima facie case of the plaintiff resulting from the nondelivery of the goods. This we think would be illogical in that it would require of the defendant an attempt to prove a negative and would probably result in the expenditure of much useless time and effort by the trial court investigating many collateral facts as to which ultimately no contention would be found to exist.

In Patterson v. Clyde, 67 Pa. 500, which on the exact point now under consideration very closely resembles the case in hand, Mr. Justice AGNEW used the following language: "The state of the case then was this: that the defendants thereby had proved a total loss of boat and cargo by fire, while on her proper voyage to the port of delivery, without any circumstances in evidence from which a jury could draw the conclusion of negligence leading to the loss. The question which the plaintiff presents is therefore whether in addition to the proof of a loss by fire in the due course of the ship's voyage unattended by circumstances indicating negligence, the defendants are bound to prove such care and diligence at and before the time of the fire, as will exclude the presumption of negligence; or in other words, whether they must negative negligence by affirmative evidence of diligence. This point is ruled by the case of Farnham v. Camden & Amboy Railroad Co., 55 Pa. 53. The principle of that case is, that the burthen of the proof of the loss which brings the carrier within the restriction in his contract lies on him; but when he has proved such a loss, unattended by circumstances indicating negligence, the onus of the proof of negligence is cast upon the plaintiff. The effect is, that the carrier must begin the proof,

and if he cannot make it without showing negligence, or circumstances from which it will be inferred, he is not exonerated. . . . When he has shown a loss within the exception of his contract, without apparent negligence, he has brought himself within the terms of his bargain." This language it seems to us furnishes a complete answer to the argument of the learned counsel for appellee on this branch of the case. The affidavit accounts for the loss of the goods by the felonious act of some one who broke and entered its warehouse. In so doing, it exhibits no act of negligence by itself or its servants or any circumstances from which such negligent act could be fairly inferred, and it specifically avers that such felonious act was in no way attended by or the result of any negligence of itself or its servants.

We are convinced therefore, for the reasons we have indicated, that the record exhibits no case for the entry of a summary judgment in favor of the plaintiff for the value of his goods, and that the defendant was entitled to a trial before a jury in order that its liability, on this branch of the case alone, might be determined by the application of the principles herein indicated to the facts established by the evidence on the trial. This view renders it unnecessary that we should consider the validity of the remaining lines of defense urged by the appellant, and we therefore omit any discussion of them, it being apparent they can be more satisfactorily disposed of at a later stage of the proceedings.

Judgment reversed and a procedendo awarded.