Opinion by
Henderson, J.,
The plaintiff wishing to send a package of merchandise to a customer in California delivered it to the defendant and received from the latter a bill of lading and shipping receipt, a part of which is in the form following:
“Philadelphia, Pa.
7-13-1909 190 . Received from 1230
One pkg. . Valued at $
Marked Morton Castor
Ocean Park, Calif.
“Which the Company agrees to carry upon the following terms and conditions, to which the shipper agrees, and as evidence thereof, accepts this bill of lading.”
One of the provisions of the bill of lading is that the shipper agrees that the value of the property is not more than $50.00 unless a greater value is stated and that the company shall not be liable in any event for more than the value so stated nor for more than $50.00 if no value is stated. It is further stipulated therein that, “If the Express Company has not an agency at the point of destination, it shall carry the property to its agency *208 nearest or most convenient thereto and there notify the consignee, or deliver the property to some other carrier to continue the transportation. The Adams Express Company shall not be liable for loss or damage occurring after such delivery, nor for detention after having tendered the property to a connecting carrier.” No valuation was asked for or given at the time of the delivery of the package. The defendant did not have an agent or express service at Ocean Park, its agency nearest thereto being at Denver, Col., to which place the merchandise was transported and there delivered in good condition to Wells, Fargo & Company, a common carrier having express service between Denver and Ocean Park, for transportation to the latter place. The merchandise was never delivered to the consignee nor accounted for, and this action was brought to recover its value. There was no oral modification of the shipping agreement and the rights of the parties are, therefore, to be determined by that instrument. If any implication arises, from the fact that the ultimate destination was Ocean Park and the charges thereto paid, that the undertaking was for carriage to the place of consignment this is met by the terms of the contract which provided that the defendant’s obligation was to carry the property to its agency nearest or most convenient to the destination and there deliver it to some other carrier to continue the transportation and that it should not be liable for loss or damage occurring after such delivery. Taking all the terms of the bill of lading into view the obligation of the defendant at the end of its line was that of a forwarder. Its terms are plain and unambiguous and express the undertaking of the defendant to be that of a carrier to Denver only. That was one of the conditions, as stated in the contract, under which it undertook to carry the goods and the plaintiff in accepting the bill of lading agreed to its terms as the bill of lading distinctly provides: Crary v. R. R. Co., 203 Pa. 525. The extent of the obligation of the initial carrier for shipment over the route of a connecting carrier was con *209 sidered in Camden and Amboy R. R. Co. v. Forsythe, 61 Pa. 81, and in Keller v. B. & O. R. R. Co., 196 Pa. 57, in both of which cases the authorities are reviewed and the conclusion reached that the liability of the first carrier only continued to the end of its line in the absence of an express agreement for through carriage, or where companies were operating a continuous route and there was nothing to show another intention than to carry to ' the destination. Under these authorities we regard it as settled that the defendant’s liability as a common carrier ceased when it delivered the plaintiff’s merchandise to Wells, Fargo & Company. The contract of carriage expressly authorized the defendant to deliver the goods to a connecting carrier and this carrier cannot be held to be the agent of the defendant under the agreement set out in the case stated. The first carrier undertook to deliver to a connecting carrier and as to such delivery it became a forwarder only. At common law and under the decisions of this state that would relieve the defendant from liability, but the Interstate Commerce Legislation, 34 Statutes at Large, 584, provides that any common carrier, railroad company or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be hable to the lawful holder thereof for any loss, damage or injury to such property caused by it or any common carrier, railroad company or transportation company to which such property may be delivered or over whose line or lines such property may pass. Under this legislation the defendant became hable to the plaintiff on the failure of Wells, Fargo & Company to deliver or satisfactorily account for the loss of the merchandise, and the important question is, For how much is it liable? The contract provides that the liability shall not exceed $50.00 where no value is stated in the bill of lading. The actual value of the package was $100. The plaintiff asks judgment for this amount with the express charge added. The defendant contends that its liability at the most is *210 only for $50.00 and the charges. It has been frequently decided that a common carrier may by special contract limit his liability for loss or injury to goods carried by it as to every cause of injury except that arising from negligence. In the latter class of cases the decisions are uniform that there cannot be exemption from, or limitation of, liability by contract. In the other class the common-law rule of liability as an insurer may be set aside by agreement in which case the agreement becomes the law' between the parties. Laing v. Colder, 8 Pa. 479; Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53; American Express Co. v. Sands, 55 Pa. 140; Adams Express Co. v. Sharpless, 77 Pa. 516; Grogan & Merz v. Adams Express Co., 114 Pa. 523; Crary v. R. R. Co., 203 Pa. 525, are some of the cases in which this principle is discussed or decided. As the plaintiff’s loss did not occur on the defendant’s line nor when the property was in its custody, this rule as to limitation of liability applies. There was no negligence on the defendant’s part, the property was in good condition when it was delivered to Wells, Fargo & Company and there is no place therefore for the application of the Pennsylvania rule that a common carrier cannot contract for exemption from or limitation of liability. On grounds of public policy such exemption or limitation is prohibited, but this applies to cases of negligence only. No policy of the state prohibits a contract limiting liability where the loss or injury does not result from negligence. The appellee contends that under the operation of the Interstate Commerce Law the defendant is accountable for the full value of the property, but the statute fixing the liability of the initial carrier does not by its terms touch the question of the limitation of liability by contract and we do not understand that it imposes on this state a public policy not theretofore existing. It charges the initial carrier with a responsibility beyond that to which such carrier was held by the law of this state, but it does not contain a prohibition against an agreement between a shipper and carrier by the terms *211 of which the value of the property is agreed on in advance as a measure of damages in case of loss. The branch of the case relating to the obligations of the first and second carriers was not brought to the attention of the learned judge of the court below or was inadvertently overlooked by him and is therefore not considered in his opinion. The facts presented in the case stated and the application of the law thereto as expressed in the authorities cited bring us to the conclusion that the measure of damages to which the plaintiff is entitled is limited by the contract of shipment to $50.00, to which is to be added the express charges paid by the plaintiff.
The judgment is therefore modified and is now entered for $52.90 with interest from July 13, 1909, and costs.