LOUIS O. COTE *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Bristol.   October 28, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Carrier.   Evidence,* Presumption.

The presumption that damage to goods was done by the last of several connecting carriers applies to freight as well as to passenger's baggage.

CONTRACT or TORT against a carrier for damage to goods. Writ in the Third District Court of Bristol, dated May 22, 1901.

On appeal to the Superior Court the case was heard upon an agreed statement of facts by *Braley,* J., who made the following finding and ruling: "At the argument of this case upon the agreed facts, the counsel for the defendant asked me to rule, that the claim of the plaintiff being for goods carried as freight, the case of *Moore* v. *New York, New Haven, & Hartford Railroad Co.* 173 Mass. 335, did not govern, and stated that if I ruled that that case applied to lost goods carried as freight, as well as to lost goods carried as luggage, he had no defence to the action.   No other question of fact or law was raised or argued.

"I rule that said case is the law governing this case and that there is no distinction between goods lost when carried as freight and those lost when carried as luggage, and find and order judgment for the plaintiff in the sum of $20.80." The defendant appealed.

*F. S. Hall,* for the defendant.

*A. Auger,* for the plaintiff.

HOLMES, C. J.   This is an action for damage to freight delivered by the plaintiff to the Boston and Maine Railroad at Lawrence to be carried to New Bedford, and delivered by that road to the defendant for the latter to complete the transportation.   The freight was in a sealed car, and it does not appear by which road the damage was done.   The case was submitted to the Superior Court on agreed facts with power to draw inferences, and that court ordered judgment for the plaintiff.   The

defendant appealed, rather in the hope that this court might discover some distinction between freight and passenger's baggage than on any articulate reason for supposing one to exist.  We have failed to make the discovery.  As was pointed out in *Moore* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 335, 337, the so-called presumption that the harm was done on the last road, although started as a presumption of fact, has been fortified if not maintained on grounds of convenience. These grounds apply equally to freight.

*Judgment for plaintiff.*