# Wray, Moore & Co., Appellants, v. American Ry. Ex. Co.

*Negligence—Common carriers—Damages to goods in transit—Liability of last carrier—Presumption.*

Proof of the delivery of the goods to the carrier in good condition and their arrival in damaged condition is sufficient to justify recovery.

Where goods are delivered to the first carrier in good order and are afterwards injured, the presumption is, in the absence of anything to the contrary, that they were injured while in the custody of the last carrier.

Argued October 26, 1920.  Appeal, No. 16, Oct. T., 1920, by plaintiff, from judgment of C. P. Blair County, Oct. T., 1919, No. 184, on verdict for plaintiffs in the case of Wray, Moore & Company, a Limited Partnership Association, v. The American Railway Express Company, successor to Adams Express Company, a general association under the laws of the state of New York. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Assumpsit to recover the value of goods damaged and spoiled in transit.  Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs for $285.16.  Subsequently the court reduced the verdict to $122.40, and entered judgment thereon.  Plaintiff appealed.

*Error assigned,* among others, was the opinion and decree of the lower court refusing motion for judgment non obstante veredicto, as quoted in the opinion of the Superior Court.

*Robert W. Smith,* for appellant.—In the default of any evidence to the contrary a presumption of negli-

gence on the part of the terminal carrier will arise: The American Express Company v. Sands et al., 55 Pa. 140; D'Agostino v. Phila. & Reading Ry. Co., 25 Pa. District Reps. 555; Pennsylvania R. R. Co. v. Miller et ux., 87 Pa. 395.

*Thomas H. Greevy,* and with him *J. D. Hicks,* for appellee.

OPINION BY LINN, J., March 5, 1921:

Appellants obtained a verdict for $285.16, which the court reduced to $122.40, for which judgment was entered. They claim the larger amount. We must consider the disputed facts established in their favor by the verdict. Defendant was the terminal carrier of a shipment of cheese consigned to plaintiffs. When tendered for delivery to them, the boxes were broken and the cheese was damaged. Plaintiffs declined to receive it,— leaving it in defendant's custody as warehouseman; defendant then sold it on an order of a federal food administrator and received $122.40 for it. This suit to recover for the damage alleged to have been done to the cheese in transit followed.

The reason for reducing the amount of the verdict was thus stated by the learned court: "The defendant relied upon the case of Vuille v. Pennsylvania R. R. Co., 42 Pa. Superior Ct. 567, where an automobile was shipped by the Florida East Coast Railroad Company to Huntingdon, Pa. When the automobile reached Baltimore, it was placed in another car and shipped on the Pennsylvania railroad to its destination. The court limited the recovery to the damages sustained while in charge of the Pennsylvania railroad. In the case at bar, there is no evidence to show when, or whose negligent act caused it to spoil. If the cheese in good condition had been given to the Adams Express Company in Pittsburgh, and delivered in a spoiled condition, we might be confronted with another situation. The facts as presented

at the time, under the law, do not warrant a recovery for the value of the cheese, but as the cheese was sold by the express company and they recovered $122.40, the plaintiff company is entitled to recover that amount, and the verdict, therefore, is reduced from $285.16 to $122.40." We cannot sustain that position. In Vuille v. R. R. Co., 42 Pa. Superior Ct. 567, at 571, we said, "A presumption of negligence arises which is sufficient to justify a recovery in cases where there is no other proof than of the delivery of the goods to the carrier in good condition and their arrival at the point of destination in a damaged condition: American Express Company v. Sands et al., 55 Pa. 140; Grogan & Merz v. Adams Express Company, 114 Pa. 523; Buck v. Penna. R. R. Co., 150 Pa. 170; and the rule seems to prevail generally that when goods are delivered to the first carrier in good order and are afterwards injured the presumption in the absence of anything to the contrary is that they were injured by the last carrier: 4 Elliott on Railroads, sec. 1450; 5 Thompson on Negligence, sec. 6569; Cote v. N. Y., N. H. & H. R. R. Co., 182 Mass. 290. At the conclusion of the plaintiff's evidence the burden was therefore on the defendant to overcome the presumption of negligence." On this appeal we must consider established by the verdict (1) that the shipment was delivered to the initial carrier in Wisconsin in apparent good order in boxes that were not broken; (2) that it was in transit from July 30, 1918, to August 21, 1918; (3) defendant was the terminal carrier; (4) when tendered to plaintiffs in Altoona "the boxes were broken and the cheese was unfit for sale, so the driver took it away with him"; (5) the amount of plaintiffs' damage was $285.16.

Applying the rule just quoted to those facts, a presumption of negligence resulted fixing defendant with liability. Defendant might have satisfied the jury that the damage occurred before it received the shipment, or that the damage resulted "from a defect or vice in the property"; but defendant offered no evidence of those

matters; as the learned court said "......there is no evidence to show when, or whose negligent act caused it to spoil. If the cheese in good condition had been given to the Express Company in Pittsburgh, and delivered in a spoiled condition, we might be confronted with another situation." But in this suit the burden of proof to show that the damage did not occur while in the custody of the last carrier or that it was attributable to defect or vice in the property is upon the defendant and since that burden was not sustained the liability became fixed by the verdict of the jury.

We sustain the fourth assignment of error. Since the oral argument of this appeal took place, we have observed that the record contains no formal entry disposing of defendant's motion for a new trial. The record is therefore remanded to the court below with instruction to dispose of the motion for a new trial as right and justice under the law may require, and if a new trial be refused, to enter judgment on the verdict for the plaintiffs.