## Pottash v. Director General of Railroads.

*Railroads—Director General—Name—Amendment.*

1. Under the Transportation Act of Congress, where a suit has been brought generally against the "Director General of Railroads," an amendment may be allowed at any time before satisfaction of the judgment to substitute the name of the agent designated by the President then in office.

*Carriers—Common carriers—Railroads—Injury to goods—Liability of terminal carrier—Evidence—Presumption.*

2. Where goods are delivered to an initial carrier in good condition, and are delivered to the consignee by the terminal carrier in bad condition, the presumption is, in a suit against the latter, that the terminal carrier was negligent.

3. In such case, the issue is to be determined by the inferences to be drawn from the circumstances surrounding the shipment of the goods and their delivery to the consignee and the oral testimony offered by the defendant. The question of fact must be determined by a jury, and cannot be ruled as a matter of law.

Motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., Dec. T., 1918, No. 3767.

*B. D. Oliensis,* for plaintiffs; *J. H. Barnes* and *F. B. Biddle,* for defendant.

MARTIN, P. J., June 12, 1923.—An action of *assumpsit* was instituted by plaintiffs to recover from defendant, a terminal carrier, compensation for damages to a shipment of burlap received by the initial carrier in good condition, but delivered to plaintiffs by the terminal carrier wet and stained with paint.

During the trial plaintiffs were allowed to amend the record by adding the Christian and surnames "William G. McAdoo" to the title of defendant "Director General of Railroads."

On behalf of plaintiffs, there was offered in evidence a bill of lading issued by the initial carrier, reciting that the property had been received in apparent good order, and agreeing to carry it to the usual place of delivery at the destination, if on its road, or to deliver to another carrier on the route to said destination; and stating that it was mutually agreed as to each carrier and each party interested in said property that every service to be performed should be subject to the conditions printed on the bill of lading. Among the printed conditions there was a provision that "no carrier shall be liable for loss, damage or injury not occurring on its own road or its portion of the through route, nor after said property has been delivered to the next carrier, except as such liaibility is or may be imposed by law."

It was averred in the statement of claim that defendant was a common carrier, and agreed, in consideration of a certain award, to safely carry fifty bales of burlap assigned to plaintiffs, as indicated by the copy of the bill of lading attached to the statement of claim; that the goods were properly packed, shipped and delivered to the agent of defendant with due instructions as to delivery; that it was the duty of defendant to employ safe, suitable and

sufficient means of carriage and to exercise intelligent supervision over the system of carriage employed, and to deliver safely the goods to the consignee, but, disregarding its duty as common carrier, defendant did not take care of the goods, and did not safely deliver them to plaintiffs, but carelessly and negligently behaved with respect to the property of plaintiffs, and, by reason of said negligence, carelessness and improper conduct, forty-three of the bales of burlap were damaged, eleven bales became wet while in transit, and thirty-two were damaged by red paint, causing a loss to plaintiff of $9470.

Delivery of the burlap to the first carrier in good order was proved, and that when it was received by plaintiffs from defendant it was injured.

There was testimony presented on behalf of defendant to rebut the presumption of negligence arising from the delivery of the burlap to the carrier in good condition and the damaged condition on arrival.

The jury rendered a verdict in favor of plaintiffs.

A rule was entered for a new trial, and motion made for judgment *n. o. v.* The rule was discharged and the motion for judgment was refused.

By agreement of counsel the motion for judgment *n. o. v.* was reinstated.

It was argued in support of the motion that the cause of action had abated by reason of plaintiffs' failure to mention the Director General by name when the proceeding was instituted, and that it was error to amend the record by inserting his name at the time of trial.

The Act of March 3, 1923, clause 206, of the Transportation Act of 1920, provides that suits against the Director General of Railroads shall not abate by reason of failure to make substitution within twelve months of successors in the office in accordance with the Act of Feb. 18, 1899, but that suits may be prosecuted to final judgment, substituting at any time before satisfaction of the judgment the agent designated by the President then in office, and that orders providing for a substitution in cases made before this sub-division took effect, by courts having jurisdiction of the parties and subject-matter, are validated: Federal Statutes Annotated, April, 1923, page 62.

It was argued that plaintiffs, having instituted the action in *assumpsit*, the bill of lading in evidence constituted a special contract, and compelled plaintiffs to produce evidence that the damage to the burlap was caused by the negligence of defendant, and "the rule of substantive law," which creates a presumption where there has been a delivery of goods to a carrier in good condition and they arrive damaged, does not justify a verdict in favor of plaintiffs in this case.

The evidence offered at the trial supported the statement of claim. The suit, although commenced in *assumpsit*, was in tort to recover for the negligence of defendant. The facts proved entitled plaintiffs to the presumption that the goods were injured while in the custody of the last carrier: Wray, Moore & Co. *v.* American Railway Express Co., 75 Pa. Superior Ct. 425.

The contract between the shipper and the carrier created by the bill of lading, which is in the usual form, did not relieve defendant from liability for negligence occurring on its line or change the rules of evidence: Howard *v.* American Railway Express Co., 47 Pa. Superior Ct. 416.

The issue was to be determined by the inferences to be drawn from the circumstances surrounding the shipment of the goods and their delivery to plaintiffs and the oral testimony offered on behalf of defendant. The question of fact must be determined by a jury, and cannot be ruled as a matter of law: Dalmas *v.* Kemble, 215 Pa. 410.

And now, to wit, June 12, 1923, the motion for judgment *n. o. v.* is refused.