# Almar Tea Company v. Pennsylvania Railroad Co., Appellant.

*Common carriers—Railroads—Loss of goods—Trespass—Plaintiff's statement—Admission in evidence—Practice Act of 1915.*

In an action of trespass to recover from a common carrier for the loss of a consignment of merchandise, an averment in the plaintiff's statement that the full amount of the shipment came into the defendant's custody, which is not denied in the affidavit of defense, may be offered in evidence as an admission on the part of the defendant. Under the Practice Act of 1915 such an allegation is not an averment of negligence, and will not be considered to be at issue, in the absence of a specific denial in the affidavi⁺ of defense.

Argued October 4, 1923. Appeal, No. 87, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Aug. T., 1922, No. 791, directing a verdict in favor of the plaintiff in the case of Almar Tea

464, (1924).]    Arguments—Opinion of the Court.
Company, a corporation, to the use of Almar Stores
Company, a corporation, v. The Pennsylvania Railroad
Company.    Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover for loss of property while in hands
of common carrier.   Before WALSH, J.
The facts are stated. in the opinion of the Superior
Court.
The court directed a verdict in favor of the plaintiff in
the sum of $320.71, and judgment was entered thereon.
Defendant appealed.

*Errors assigned* were in admitting in evidence para-
graph 5 of plaintiff's statement of claim and in direct-
ing a verdict for the plaintiff.

*Charles Myers,* and with him *Sharswood Brinton,* for
appellant.—It was error to admit in evidence the fifth
paragraph of the plaintiff's statement of claim: Gilles-
pie v. Pennsylvania Co., 272 Pa. 393; Flanigan v. Mc-
Lean, 267 Pa. 553; Fleccia v. Atkins, 270 Pa. 573.
The case was for the jury: Wright v. Express Co., 54
Pa. Superior Ct. 485; Isdaner v. Ry. Co., 54 Pa. Su-
perior Ct. 509; Isdaner v. R. R. Co., 65 Pa. Superior Ct.
156; Bank v. Donaldson, 6 Pa. 179; Lautner v. Kann,
184 Pa. 334.

*Harry G. Sundheim,* of *Sundheim, Folz & Kun,* for
appellee, cited: Howard Express Company v. Wile, 64
Pa. 201; Ault v. Cowan, 20 Pa. Superior Ct. 616, 627;
Hyatt v. Johnston, 91 Pa. 196; Burke v. Burke, 240 Pa.
379, 387; Milton Weaving Company v. Northumberland
County Gas and Electric Company, 251 Pa. 79.

OPINION BY TREXLER, J., February 29, 1924:
This is an action of trespass to recover damages for the
loss of part of a carload of 1,600 cases of peas shipped by

rail and consigned to the plaintiff at Philadelphia. No affidavit of defense was filed. The bill of lading showed that 1,600 cases of peas were delivered to the initial car-·rier. A witness produced by the defendant, the terminal carrier, testified on behalf of the company and from its records that the car arrived with the seals unbroken, the notations being Right S. M. P. R. R. 35983 and Left the same, "that is a report of the inbound seals being intact." As the peas were taken from the yard of the defendant the loads were counted by defendant's employee and their respective contents verified by a count of the tiers and the number piled across. A receipt was given for each load, and these receipts totaled 1,475 cases, thus showing a shortage of 125 cases. The above facts would fix defendant's liability out of the mouth of its own witness whose testimony is supplemented by its own records, there being no contravening evidence and were sufficient to support plaintiff's claim. See Wray, Moore & Co. v. American Railroad Express Co., 75 Pa. Superior Ct. 425.

Although the court ruled the case as a matter of law on the pleadings, the proof of facts produced by the defendant was conclusive of defendant's liability and there would be no cause for a reversal even if the view of the court as to the law was wrong. We will, however, consider the questions submitted.

The first assignment is directed to the admission of the 5th paragraph of plaintiff's statement of claim, which reads as follows: "On or about August 28, 1920, the said merchandise came into the custody, control and possession of the Pennsylvania Railroad, the above-named defendant and the terminal carrier; for transportation and delivery to the said plaintiff at the Shackamaxon Street Station of the said defendant railroad company in Philadelphia, Pennsylvania." The court held that this was an admission of fact since it was not replied to by the defendant. The Act of May 14, 1915, P. L. 483, section 13, provides: "In actions of trespass the averments, in the statement, of the person by whom the act

was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property, or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted." The action being in trespass the liability of the defendant must be found in some act of negligence and the assertion in the plaintiff's statement of the acts on the part of the defendant which constitute negligence need not be contradicted. The Supreme Court has held that as to the purpose of the act, Fleccia v. Atkins, 270 Pa. 573, "the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor—not to relieve a plaintif: from proving the vital averments of his declaration as to injury, negligence, damages, etc." Thus in the above case, where the careless act of permitting a brick to fall was the cause of the accident, not only the allegation that the person who caused the brick to fall was employed by the defendant was admitted, but in addition thereto the fact that the defendant was in temporary possession of the building and doing work thereon was also regarded as covered by the act. The plaintiff's case in the instant matter depended on the fact that the company allowed 125 cases of peas to be abstracted from the car while in the yard of the defendant. The receipt of the 1,600 cases of peas by the initial carrier was not proof of negligence. The proof of negligence applied after it was shown that the car was received in Philadelphia. Proof of the contents of the car when received by the initial carrier was a formal averment, which if the defendant wished to contradict, it should have filed an

affidavit. Standing alone, it involved no negligence. The evident purpose of the act was to limit the trial to the vital facts pertaining to the trespass.

The other assignment is directed to the proposition that the court should have left to the jury to decide whether there was negligence on the part of the defendant. As we pointed out above, the testimony which was produced by the defendant's own witnesses and from the records of the company was sufficient to convict the defendant of negligence. It, therefore, was proper for the court to state to the jury that negligence appearing in the manner it did, there was nothing left on that subject for them to decide and that the verdict should be for the plaintiff: Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610; Walters v. American Bridge Co., 234 Pa. 7.

The judgment is affirmed.