## Hinman Brothers v. Pennsylvania Railroad Company.

*Railroads—Carriers—Negligence—Initial carrier.*

1. In the absence of statute or special contract, each connecting carrier on a through route is bound only to carry safely on its own line and deliver safely to the next connecting carrier, and the liability of the connecting carrier for the safety of the property delivered to it for transportation commences when it is received, and is discharged by delivery to, and acceptance by, a succeeding carrier or its authorized agent.

2. In an action for damages for injury to fruit, brought against a terminal carrier, no recovery can be had where it appears that the injury was caused by the initial carrier's act in furnishing a car not proper for the kind of fruit in question.

Statutory demurrer to statement. C. P. Blair Co., Oct. T., 1923, No. 237.

*Robert W. Smith*, for plaintiff; *Oliver H. Hewit*, for defendant.

BALDRIGE, P. J., March 29, 1924. — The plaintiff brought this action to recover damages alleged to have been sustained on a breach of a contract. It appears that on or about May 14, 1923, the plaintiff purchased in North Carolina a carload of berries, which were entrusted to the Atlantic Coast Line Railroad Company at Mount Olive, North Carolina.

The plaintiff complains that the car furnished had been used for dry freight, and that the upper part of the bunkers had been papered, which prevented the air from circulating and caused the berries to become mouldy.

Proof of delivery of goods to a carrier in good condition and the fact that they arrived in a damaged condition is sufficient ordinarily to justify recovery, provided, however, that there is nothing to indicate that they were injured while in the custody of another carrier: Wray, Moore & Co. *v.* American Ry. Express Co., 75 Pa. Superior Ct. 425.

That presumption, however, is only effective when there is nothing to show anything to the contrary, but in this case it appears from the plaintiff's statement that the negligence was upon the part of the initial carrier and not this defendant, the terminal carrier.

In the case of Oregon-Washington R. R. & Nav. Co. *v.* McGinn, 258 U. S. 409, the syllabus is as follows: In the absence of statute or special contract, each connecting carrier on a through route is bound only to carry safely upon its own line and deliver safely to the next connecting carrier, and the liability of the connecting carrier for the safety of property delivered to it for transportation commences when it is received, and is discharged by delivery to, and acceptance by, a succeeding carrier or its authorized agent.

Under these conditions and authorities, the defendant, the delivering carrier, was not liable for the negligent act of the initial carrier.

The demurrer to this action is, therefore, sustained.