## Ensign *v.* Union Transfer Company, Appellant.

*Carriers—Negligence—Liability for—Attempt to limit—Article II, Section 1, and Article V, section 29 of Act of July 26, 1913, P. L. 1374—Public Service Commission—Loss by last carrier—Presumption.*

A common carrier engaged in intrastate commerce cannot under Article II, Section 1, and Article V, section 29 of the Public Service Act of July 26, 1913, P. L. 1374, limit its liability by contract for negligence of itself or its servants.

The Act of 1913 was plainly intended to hold a carrier to all the liabilities, and afford the owner of property committed to such carrier any remedy or right of action, which existed prior to its enactment.

The Public Service Commission is neither a legislative nor a strictly judicial body. It has administrative functions only and it is not one of such functions to abrogate established law. Whatever the public service legislation authorizes it to do or permits a public service company to do is lawful, but the authority sought must be found in the statute.

Where, in an action of assumpsit for the loss of a trunk and its contents, it appeared that the trunk was delivered to a carrier and by it turned over to another carrier which never delivered it to its owner, the presumption, in the absence of anything to the contrary, is that the loss of both the trunk and its contents occurred in the hands of the last carrier.

Argued November 11, 1925. Appeal No. 250, October T., 1925, by defendant from judgment of C. P. No. 1, Philadelphia County, June T., 1922, No. 4898, in the case of Inez S. Ensign v. Union Transfer Company, Appellant, before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for loss of a trunk and its contents. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $875 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the various rulings on evidence.

*Robert W. Archbald, Jr.,* and with him *Matthew L. Barrett, Jr.,* for appellant.—The court should have confined plaintiff's recovery to $100 with interest: Public Service Act of June 26, 1913, P. L. 1374; Adams Express Co. v. Croninger, 226 U. S. 491; Chi. Bur. & Q. Rwy. Co. v. Miller, 226 U. S. 513; American Express Co. v. Horse Shoe Co., 244 U. S. 58; Boston & M. R. R. v. Hooker, 233 U. S. 97; New York Cent. & H. R. R. R. Co. v. Beaham, 242 U. S. 148; Concordia Silk Co. V. R. R. 69 Pa. Superior Ct. 361; Hertz v. Adams Express Co. 55 Pa. Superior Ct. 378; Chambers v. Am. Ry. Ex. Co., 83 Pa. Superior Ct. 71; De Angelis v. Am. Rwy. Ex. Co. 2 D. & C. 493; Kaplan v. Director General of Railroads, 78 Pa. Superior Ct. 195.

*Benjamin H. Ludlow,* and with him *Powell, Ludlow & Schaeffer,* for appellee.—The Public Service Company law does not change the rules of public policy or of legal liability which affected carriers prior to its enactment: Wright v. Adams Express Co., 230 Pa. 635; Eckert v. Penna R. R., 211 Pa. 267; Swarthmore Borough v. Public Service Commission, 277 Pa. 472.

When goods are delivered to the first carrier in good order and are afterwards injured, the presumption in the absence of any thing to the contrary is that they were injured in the custody of the last carrier: Wright v. Adams Express Company, 54 Pa. Superior Court 485; Speare v. Philadelphia & Reading Railway Company, 47 Pa. Superior Court 639; Wray v. American Railway Express Company, 75 Pa. Superior Court 425.

OPINION BY HENDERSON, J., February 26, 1926:

The defendant is a Pennsylvania corporation engaged in the transportation of baggage as a common carrier in the City of Philadelphia. The plaintiff having arrived by train in that City delivered her check to an agent of the defendant for transportation of the baggage to the premises 131 Mt. Airy Avenue, Philadelphia. The defendant took possession of the trunk, but never delivered it to the owner. This action followed to recover the value of the property lost. At the trial the defendant sought to relieve itself from liability beyond the value of the property stated in the check delivered by the defendant to the plaintiff in exchange for her railroad check. This amount was $100 unless a special amount should be agreed for in writing for which an extra charge of 10 cents per each $100 of additional value was to be paid. The contention was that the Public Service Act of 1913 should be so construed as to permit this defense—the likeness of this legislation. to the acts of congress regulating interstate commerce being relied on in support of the position taken. It is not contended that there has been a change in the law of the commonwealth with respect to the liability of common carriers for negligence unless it was brought about by the enactment of the public service statute. It was said in Eckert v. Penna. R. R. Co., 211 Pa. 267, that "it is unquestionably the law of this state, as declared in numerous decisions of this court, that a common carrier cannot by contract limit its liability for the negligence of itself or its servants." This rule was reaffirmed in Wright v. Adams Ex. Co., 230 Pa. 635. It has its foundation in considerations of public policy which hold that contracts permitting a common carrier to relieve himself from the obligation to take care of property committed to its custody tend to encourage guilty negligence. A different rule prevails in federal jurisdictions: Adams Ex. Co. v. Croninger, 226 U. S. 499. The appellant, relying on this and kindred author-

ities with respect to contracts of liability in federal jurisdictions, inquires why the same rule should not be enforced in Pennsylvania and why the rates and contracts filed with the public service commission as to intrastate commerce should not imply authority in the carrying companies to limit their liability for negligence on the basis of the rate paid for transportation? The answer to this is that the public service commission is neither a legislative nor a strictly judicial body. It has administrative functions only and it is not one of such functions to abrogate established law. Whatever the public service legislation authorizes it to do or permits a public service company to do is of course lawful, but the authority sought must be found in the statute. Turning then to the statute it will be seen not only there is no exemption of carriers from their common law liability for negligence, but a positive declaration to the contrary. Section 29 provides as follows: "Except as herein otherwise expressly provided, none of the powers or duties conferred or imposed by this act upon the commission, and none of the orders, regulations, rules or certificates made or issued by the commission, and none of the duties, powers, or limitations of the powers, conferred or imposed by this act upon Public Service Companies, or the performance or exercise thereof, shall be construed in any wise to a bridge or impair any of the obligations, duties, or liabilities of any Public Service Company in equity or under the existing common or statutory law of the commonwealth; but all such obligations, duties, and liabilities shall be and remain as heretofore. And except as herein otherwise provided, nothing in this act contained shall in any way abridge or alter the existing rights of action or remedies in equity or under the common or statutory law of the commonwealth, it being the intention that the provisions of this act shall be cumulative, and in addition to such rights of action and remedies," and as bearing on the extent of the

liability arising from the contract of transportation, Section 1 of Article II provides: "No contract, receipt, rule or regulation shall exempt such common carrier from the liability hereby imposed: Provided, that nothing in this section shall deprive any lawful holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." This legislation was plainly intended to hold a carrier to all the liabilities which existed at the time the public service act was passed, and to afford an owner of property committed to such carrier for transportation and holding a receipt or bill of lading therefor any remedy or right of action which he had prior to the enactment of the Public Service Law. As there is no provision of that law which expressly or impliedly relieves a carrier from his negligence, and there is a positive declaration that the statute was not intended to have such an effect, we do not find ourselves at liberty to now declare a different rule of liability from that which has received the approval of the court of last resort of the commonwealth in many decisions announced by it.

The argument that the court should have confined the plaintiff's recovery to $25, the value of the trunk only, for the reason that there was no evidence of its contents at the time of the delivery to the defendant is not supported by the testimony. It is in evidence that the plaintiff repacked her trunk in Chicago and delivered it to a carrier who gave her a receipt therefor and took it to the railroad station and obtained her check therefor, and that the trunk as transported from Chicago to Philadelphia was delivered to the defendant company by the railroad company, on which state of facts the presumption, in the absence of anything to the contrary, is that an injury or loss occurred in the hands of the last carrier: 4 Elliott on Railroads, sec. 1450; Cote v. N. Y., N. H. & H. R. R. Co., 182 Mass, 290; Vuille v. R. R. Co., 42 Pa. Superior Ct. 567; Wray v. American Railway Ex., 75 Pa. Superior Ct. 425. The

contract sued on was one relating to transportation within the state. The jury has found the fact of negligence and awarded the plaintiff a part of the amount claimed. We are not convinced by the argument of the learned counsel for the appellant that the court below was in error with respect to the matters complained of.

The assignments are overruled and the judgment affirmed.