GENERAL ELECTRIC COMPANY, a corporation, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, a corporation, Pitt-Penn Terminal Company, a corporation, and Pittsburgh Transfer & Storage Company, a corporation, individually and as agent for Pitt-Penn Terminal Company, Defendants.

Civ. A. 12337.

United States District Court
W. D. Pennsylvania.
March 17, 1958.

Carl Glock, Edmund K. Trent, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

William C. Walker, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant, Pitt-Penn Terminal Co.

John R. Bredin, Norman Cowie, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant, Pennsylvania R. R. Co.

Samuel Delisi, Delisi & Wick, Pittsburgh, Pa., for defendant, Pittsburgh Transfer & Storage Co.

MARSH, District Judge.

Plaintiff brought this action against the Pennsylvania Railroad Company, Pitt-Penn Terminal Company, and Pittsburgh Transfer & Storage Company, to recover compensation for damage to a number of its refrigerators.

Pursuant to Order of Court Fixing Pretrial Procedure, plaintiff filed its Memorandum of Contentions of Fact and Law. A pretrial conference was subsequently held at which plaintiff detailed its evidence. The defendants did not comply with the Order; instead the Pitt-Penn Terminal Company filed a Motion for Summary Judgment or to Dismiss Pursuant to Fed.Rules Civ.Proc. rules 41(b), 50(a) and 56(b), 28 U.S.C.A.; [1] the Pennsylvania Railroad Company filed a Motion for Involuntary Dismissal pursuant to Rule 41(b); and Pittsburgh Transfer & Storage Company joined in the motion of Pitt-Penn for Summary Judgment or to Dismiss. Oral argument was held on these motions and briefs were submitted.

From the plaintiff's statement of facts and proffers of evidence at the conference, which, for the purpose of passing on the motions, must be taken as true, it appears that plaintiff packed a number of its refrigerators in "corrugated board shipping containers" and loaded them in good condition on railroad cars at Erie, Pennsylvania. The defendant railroad issued through bills of lading on each car consigned to the plaintiff at the warehouses of the defendants in Pittsburgh, Pennsylvania, "for storage in transit" Two other railroads were involved in switching the cars transporting the refrigerators. These switching carriers were not made defendants in the suit.

At the warehouses the refrigerators were unloaded by warehouse employees and stored in the warehouses of Pitt-Penn and Pittsburgh Transfer & Storage. Subsequently, plaintiff inspected the refrigerators in the warehouses and discovered that a large number of the refrigerators had been damaged. Plaintiff has not detailed any evidence as to where or how the refrigerators were damaged, or whether the damage was

1. The defendant, Pitt-Penn Terminal Company, filed a Pretrial Statement setting forth what it was prepared to prove generally and stating that it was unable to submit a detailed statement as to its witnesses and procedure until the court ruled on its motion for summary judgment.

caused by the carriers or by the warehousemen.

 Because plaintiff did not submit evidence to show which of the several bailees caused the damage, the defendants contend that the case should be dismissed. We disagree.

 In our opinion, proof of delivery of the carton-packed refrigerators in good condition to the carrier in Erie and the discovery of the damaged refrigerators in the possession of the warehousemen in Pittsburgh would make out a prima facie case for plaintiff on which it is entitled to go to the jury. The burden of going forward with the evidence to account for the damage is thus cast upon the defendant bailees.

No Pennsylvania case exactly in point has been brought to our attention, but our conclusion seems to be in accord with the principles set forth in Arabian American Oil Co. v. Kirby & Kirby, Inc., 1952, 171 Pa.Super. 23, 90 A.2d 410; Jackson Co., Inc., v. Pennsylvania Railroad Co., 1934, 112 Pa.Super. 535, 172 A. 20; Ensign v. Union Transfer Co., 1926, 88 Pa. Super. 26; Wray, Moore & Co. v. American Railway Express Co., 1921, 75 Pa. Super. 425; Vuille v. Pennsylvania Railroad Co., 1910, 42 Pa.Super. 567.

The defendant warehousemen also contend they are entitled to summary judgment or dismissal because all the carriers were not made defendants in the suit. In all but the first Pennsylvania case cited above, there were two or more transporting carriers involved, and judgment was upheld against the last carrier which was alone sued. All the defendants here, as in Arabian American Oil Co. v. Kirby & Kirby, Inc., supra,[2] will be given the opportunity to exculpate themselves or account for the damage.

The defendants should now comply with the Order Fixing Pretrial Procedure and on or before April 4, 1958, disclose what evidence they propose to introduce at trial in accordance with Paragraph 5, collaborate with plaintiff in the preparation of a pretrial order pursuant to Paragraph 9, which should include the matters agreed upon at the conference, and all parties comply with Paragraph 7.

An order denying the motions will be entered.

---

2. See unpublished opinion of trial judge attached to plaintiff's brief.